(18 App. Div. 387.)

## BAILEY v. JOURDAN.

(Supreme Court, Appellate Division, Second Department.    June 29, 1897.)

1. NEGLIGENCE OF DRIVER OF VEHICLE—IMPUTATION TO OCCUPANT.
    Two policemen were sent out with a police ambulance to bring in a prisoner, one of them being detailed by their superior officer to drive, and the other to remain inside the ambulance.    While crossing a railroad track, the ambulance was struck by an engine, and the policeman inside was killed. *Held*, that the negligence of the driver, if any, he having the exclusive management of the vehicle, was not imputable to the deceased.

2. RAILROADS—CROSSING ACCIDENT—NEGLIGENCE.
  Since the repeal of the statute requiring the ringing of a bell or giving
  some other signal by a locomotive crossing a highway, the question, in a
  case where negligence of a railroad company at such a crossing is charged,
  is whether the engineer exercised adequate precaution under the circum-
  stances; and it is proper to submit to the jury the question whether, if the
  speed was not excessive, if the lights were lit, the bell rung, the whistle
  sounded, there was any other precaution which could reasonably have been
  expected, and to instruct them that, if there was not, the railroad company
  was not chargeable with negligence.

Appeal from trial term.

Action by Margaret Bailey, administratrix of Daniel Bailey, de-
ceased, against James Jourdan, receiver of the Kings County Elevated
Railroad Company. From a judgment entered on a verdict in favor
of plaintiff, and from an order denying a new trial, defendant appeals.
Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY,
JJ.

Hugo Hirsh, for appellant.
R. O. Catlin, for respondent.

GOODRICH, P. J. Daniel Bailey, the deceased, was a policeman
in the service of the city of Brooklyn. At about half past 11 on the
evening of September 5, 1896, which was dark, windy, and rainy, the
deceased and one Morgan, another policeman, were sent by the police
sergeant from Sheepshead Bay to the Twenty-Fourth precinct station
house, at the west end of Coney Island, with the police ambulance, for
the purpose of bringing to the station house a drunken female pris-
oner. Morgan was detailed by the sergeant to drive, and was sitting
on the front seat, driving, while Bailey was inside of the wagon. The
side curtains were down and closed. The seats inside consisted of
two benches running along the side of the wagon, and on one of
which Bailey was sitting. Morgan testified that he was driving down
Emmons avenue, a public street or highway, and had reached the Man-
hattan Beach Railroad track, where he stopped, looked, and heard a
train coming, and waited to let it pass, after which he crossed that
track, and proceeded until he reached the Brighton Beach track,
which was about 30 feet distant and parallel with the former road.
Here he stopped again, leaned forward, and looked both ways. At
this time he saw a green light which appeared to him to be stationary.
He also listened to hear a bell or other signal, heard none, and started
to cross the track. This green light was on a dummy engine, which
was backing down towards Emmons avenue, coming at a speed of
some 12 miles an hour, and struck the wagon. Bailey was killed by
the collision.

The defendant moved for a nonsuit at the close of the plaintiff's
case, and again at the close of the testimony, contending that the
deceased was negligent in failing to watch and wait for a coming
train; that Morgan, the driver, was also negligent; and that his negli-
gence must be imputed to the deceased; and also on the ground that
no negligence on the part of the defendant had been shown. The

testimony does not disclose any negligence on the part of the deceased personally. It was the duty of Morgan, and not of Bailey, to look out for coming trains. Morgan had exclusive charge of the wagon, and it makes no difference that Bailey and Morgan were sent out by the sergeant in the common employment of bringing back a prisoner. Bailey had nothing to do with the management of the wagon. This was a separate and independent duty to which Morgan was assigned, with which Bailey had no connection, and over which he had no control.

The appellant cited various cases, among them Beck v. Ferry Co., 6 Rob. (N. Y.) 87, where the deceased was held chargeable with the neglect of his comrades, as well as his own. The plaintiffs in that case were evidently boys who had gone out together in a rowboat for amusement. They were engaged in a joint expedition, and no one of them had absolute individual control of the management of the boat. In the case of Donnelly v. Railroad Co., 109 N. Y. 16, 15 N. E. 733, the negligence of a comrade was imputed to the plaintiff, on the ground that they were engaged in a common employment, and the opinion shows that they were both engaged in the management and directing the control of the wagon. It was assumed in the opinion that they were thereby comrades engaged in a common employment. In the case of Harris v. Uebelhoer, 75 N. Y. 169, 177, the deceased was in a skiff propelled by her husband, and was run down by a tug. The husband was blind, and the deceased was giving directions as to the management of the boat, while the husband was sculling, and both were participating in the management of the boat.

I find no cases which would justify the appellant's claim that Bailey, the deceased, and Morgan, the driver, were jointly in control of the wagon, under the circumstances disclosed by the evidence. Bailey had nothing to do with the management of the wagon, and had no control over or responsibility for the method of driving; and hence the negligence of the driver, if any, cannot be imputed to him. In the opinions in the case of McCormack v. Railroad Co., 16 App. Div. 25, 44 N. Y. Supp. 684, and in the decision on the motion for reargument (not yet officially reported) 46 N. Y. Supp. 230, this court held a similar doctrine.

The negligence of the defendant was a proper question to be submitted to the jury. Formerly, there was a statute requiring the ringing of the bell or the giving of some other signal by an engine crossing a highway. This statute had been repealed at the time of this accident, so that the proper question for the jury was not whether the engineer was complying with the statute, but whether he exercised adequate precaution under the circumstances; and this was properly submitted under the following language:

"Now, were these adequate precautions, considering the circumstances, that should have been adopted by those men in running there? If they were, if the rate of speed was not excessive, if the lights were lit, if the bell was rung, if the whistle was sounded, was there anything more that those people could have done under the circumstances? Was there any other precaution that could reasonably have been expected from them? If there was not, then, gentlemen, the company which employed these men is not responsible. If there was an omission, and it is proved to you satisfactorily by a preponderance of evidence,

and, as a result of that omission, this accident occurred, and this death resulted, why, then, this plaintiff is entitled to recover."

This was in strict accordance with the opinion of the court of appeals in Lewis v. Railroad Co., 123 N. Y. 496, 26 N. E. 357, and in Vandewater v. Railroad Co., 135 N. Y. 583, 32 N. E. 636, in which the former law as to ringing a bell or giving other signal, and its repeal, were discussed, and the effect of the repeal expressed in substantially the language which has been already stated.

The motion to nonsuit was properly denied. The question of the defendant's negligence was properly submitted to the jury, whose verdict we are unwilling to disturb, and the judgment must be affirmed. All concur.