No. 8914.

DENVER TRAMWAY COMPANY v. ORBACH.

1. APPEAL AND ERROR—*Instructions Curing Error in Admission of Evidence.* An error in the admission of evidence may be cured by an instruction.

2. —— *What may be Assigned for Error.* Error cannot be assigned upon the refusal of an instruction which is in direct conflict with another requested by plaintiff in error.

3. NEGLIGENCE—*Imputed.* A policeman in obedience to a command of his superior officer, takes passage in an auto car, to answer a riot call. He had no voice in the appointment of the chauffeur and no control over him. The negligence of the chauffeur in driving at an intemperate speed is not imputed to the policeman.

4. —— *Questions for the Jury.* Whether the policeman, in such case, is negligent in not protesting at the furious course of the chauffeur is for the jury.

*Error to Denver District Court, Hon. John A. Perry, Judge. Department.*

Mr. GERALD HUGHES, Mr. HOWARD S. ROBERTSON, Mr. W. G. TEMPLE, for plaintiff in error.

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. GEORGE O. MARRS, for defendant in error.

Opinion by Mr. Justice Teller:

The defendant in error obtained a judgment in an action for damages for personal injuries caused by a collision between an automobile, in which he was riding, and one of the street cars of plaintiff in error.

The parties will be designated as they were in the trial court.

The plaintiff was one of a party of policemen who were riding in a city automobile, driven by one Pickens, who was employed by the City of Denver as a chauffeur.

The policemen had been ordered by their superior officer to respond to a "riot call," and, upon said order, entered the automobile in question, and were responding to said call when the accident happened.

Of the large number of errors assigned, only two or three are asserted to be sufficient in themselves to justify a reversal of the judgment.

Error is assigned on the admission of an ordinance requiring the sounding of gongs on street cars when approaching a crossing, but, as the ground upon which the objection is based, *i. e.*, that there was no evidence from which it could be inferred that the sounding of the gong might have prevented the collision, is fully covered by instruction number 16, given at defendant's request, the error, if any, was cured.

The principal errors argued are in the court's refusal to give defendant's requested instruction number 11, and in giving instruction number 17.

These instructions differ only in that the latter submits to the jury the question whether or not the plaintiff was

guilty of negligence in not protesting to the driver against the rate of speed at which he was driving, if such rate were found to be reckless; while the instruction requested told the jury that, if they found that the automobile was driven recklessly and negligently, which fact was known or should have been known to the plaintiff, if he were in the exercise of due care, and that he made no protest, but acquiesced in said action of the driver, then, plaintiff could not recover, if the drivers' said negligence contributed to cause the collision. In other words, counsel contend that plaintiff should be held to have been negligent as a matter of law, while the court left it to the jury to determine from the facts in evidence whether or not he was negligent.

By requested instructions 15 and 20, the defendant asked the court to submit to the jury the question of plaintiff's contributory negligence in not protesting against the driving of the automobile at a dangerous rate of speed, and the modification of requested instruction 11 in instruction 17, as given, does no more than to add to number 11 what was asked in 15 and 20 to be submitted to the jury. Plaintiff in error is, therefore, hardly in a position to complain of instruction 17, or to urge that instruction 11 was not given, since the latter was in direct conflict with two other requested instructions.

Moreover, instruction 17 is proper under the circumstances of this case. There were several matters to be considered from which different inferences might reasonably be drawn by different persons, and that fact made it a question for the jury.

The cases cited to support the proposition that the negligence of the chauffeur is to be imputed to the plaintiff are not in point. They are based upon an entirely different state of facts, and involve questions of injury to persons riding in private vehicles.

In *C. & S. Ry. Co. v. Thomas*, 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681, 3 Ann. Cas. 700, on which counsel rely, this court, in terms, confined the discussion to passengers in private vehicles, and pointed out that negligence was to

be imputed to a passenger only in those exceptional cases in which "the injured person is in a position to exercise authority or control over the driver."

The imputation of negligence in cases of a "joint enterprise" has the same basis, it being properly assumed that the several parties to the enterprise will each have a voice in its management, and hence have the right to exercise control over a driver, when the parties are traveling in furtherance of the enterprise. Each is in effect the agent of the others in the line of their undertaking.

Here there was no such community of interest as to make any member of the party the agent of another, nor did the policemen have any control over the chauffeur. They were acting in the line of their official duty, and the enterprise was one in which the whole public was interested as much as they were. They had no voice in the selection of the chauffeur, but were obliged to go with him when so directed by their superior officer. A passenger on a street car becomes so voluntarily, and there is, therefore, more reason for imputing to him the negligence of the street car company in case of his injury, than there is for making the negligence of the chauffeur the negligence also of plaintiff; and yet the rule of imputed negligence is not applied to passengers on street cars. *O'Rourke v. Lindell R. Co.*, 142 Mo. 352, 44 S. W. 254.

Clearly, the policemen were not riding in the automobile in the prosecution of a common enterprise, in the sense in which that term is used in the decisions on which counsel rely.

It has been directly held in several cases that firemen, and the driver of a hose car or a fire engine on which the firemen are riding, are not engaged in a common enterprise, and that the negligence of the driver is not to be imputed to them. *Elyton Land Co. v. Mingea*, 89 Ala. 521, 7 So. 666; *McBride v. Des Moines City R. Co.*, 134 Ia. 398, 109 N. W. 618; *McKernan v. Detroit Citizens St. R. Co.*, 138 Mich. 519, 101 N. W. 812, 68 L. R. A. 347. The same principle applies in this case as in those, and the court did

not err in withdrawing from the jury the question of imputed negligence.

As the other errors argued are admitted not to be sufficient to reverse the judgment, they need not be considered.

The judgment is affirmed.

Judgment affirmed.

Chief Justice Hill and Mr. Justice White concur.