# MICHAEL E. RING v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 30, 1927.

No. 26,469.

**Defendant's negligence question of fact.**

1. The question of defendant's negligence *held* a question of fact for the jury.

**Charge respecting motorman's, negligence, without qualification, was erroneous.**

2. The portion of the charge, stating in substance that if the motorman operating the street car saw or should have seen the fire truck on which plaintiff was riding then it was negligence for him not to stop the street car, given without qualification, *held* error under the circumstances shown.

**Negligence of driver of fire truck not imputed to fireman riding on the truck.**

3. A fireman riding on a fire truck, going to a fire, and the driver of such truck, operating the same under the direction of the captain of the fire company, are not engaged in a joint enterprise, and the negligence of the driver, if any, cannot be imputed to such fireman.

**Statutory right of way rule not to be applied to municipal fire apparatus responding to an alarm.**

4. The right of way rule, under L. 1925, c. 416, § 23, was not intended to and does not apply to municipal fire apparatus on its way to a fire in response to a fire alarm.

Municipal Corporations, 43 C. J. p. 824 n. 83.
Negligence, 29 Cyc. p. 543 n. 9, 12; p. 635 n. 68.
Street Railroads, 36 Cyc. p. 1513 n. 27; p. 1639 n. 14.

See note in 8 L.R.A.(N.S.) 632; L. R. A. 1915A, 762.
See note in 19 L.R.A.(N.S.) 623; L. R. A. 1917E, 415; 25 R. C. L. 1291.

[1]Reported in 217 N. W. 130.

Defendant appealed from an order of the district court for Hennepin county, Baldwin, J. denying its alternative motion for judgment or a new trial, and granting plaintiff's motion for a new trial on the sole issue of the amount of damages unless defendant should consent to an increase in the amount of the verdict. Reversed and new trial granted.

*R. T. Boardman* and *J. F. Dulebohn,* for appellant.

*Roberts, Strong, Myers & Covell* and *Olof L. Bruce,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying its motion for judgment notwithstanding the verdict and granting plaintiff's motion for a new trial on the sole issue of the amount of damages unless defendant shall consent to an increase in the amount of damages.

The action is one to recover damages for personal injury to plaintiff sustained in a collision between one of defendant's street cars and a fire truck of the city of Minneapolis at a street intersection in that city. The plaintiff was a member of the fire department of the city and was riding on the truck, going to a fire. He was about 60 years old at the time of the accident and was earning a salary of $2,160 a year. He sustained a multiple fracture of both bones of the left leg below the knee. The fracture was what is known as a compound fracture with a breaking through of the skin and much laceration of the flesh. There were also lacerations and a flesh wound of the right leg. The recovery has resulted in the left leg's being about half an inch shorter than the right and slightly bowed or bent, causing a slight limp. The foot is somewhat flattened, with impaired movement of the ankle joint, and there is some numbness and impairment of the use of the leg and foot. There is otherwise a good recovery. The jury allowed $4,000 as damages. Plaintiff's motion for a new trial was granted on the sole issue of damages, unless defendant should consent to an increase thereof to $6,000.

1. The question of the sufficiency of the evidence to sustain a finding of negligence on the part of the defendant has been con-

sidered and the conclusion reached that there was evidence to go to the jury on that question and that it was sufficient to sustain such finding.

2. The court, in its charge to the jury, stated, in reference to the motorman operating the street car:

"If he should have seen it [the fire truck], or if he did see it, then it was negligence on his part not to have stopped and permitted the fire truck to go ahead of him."

The motorman testified that he did see the fire truck and that he did not stop, and those facts are undisputed. The charge goes on to state clearly that, if the motorman was negligent, the plaintiff was entitled to recover. The effect was to direct a verdict for plaintiff. It was prejudicial error to give the part of the charge quoted, and exception thereto was properly taken. The motorman gave some explanation of his failure to stop after he saw the fire truck. It was a question of fact for the jury to say whether or not his failure to stop was negligence. It is true that in other parts of the charge the court stated in general terms that the jury should determine, by a fair preponderance of the evidence, whether or not the motorman was negligent. But the court also said to the jury:

"And these are the vital questions for your determination; whether or not he saw it, and whether or not if he did not see it he should have seen it; whether ordinary care under the circumstances required him to see that truck at that time and to wait for it to pass in front of him,"

again leaving the inference that if he did see the truck and failed to stop he was negligent. At the close of the charge the attention of the court was called to the erroneous statement complained of, and the court attempted to correct it; but the correction was directed to the question of whether or not the motorman should have seen the truck:

"* * * what he could see; the rate of speed * * *; if the circumstances were such that he could not have seen; * * * the situation, and the visibility, as it existed at that time and place."

The jury were nowhere told that if he did see the truck, which stood admitted, it was for them to say whether or not he was negligent in not stopping.

3. The court refused to charge that the plaintiff and the driver of the fire truck were engaged in a joint enterprise and that, if the driver of the fire truck was negligent, then plaintiff was guilty of contributory negligence, and did charge that the plaintiff was not responsible for any negligence on the part of the driver of the fire truck. The court also charged that, if the driver of the fire truck was negligent and if the motorman driving the street car was also negligent, then the plaintiff was entitled to recover. Except that in the statement last noted the element of proximate cause is omitted, there was no error in the refusal to charge or in the charge so given. Defendant does not complain of the omission noted. There was no evidence to go to the jury on the question of contributory negligence, and there was no joint enterprise. The plaintiff had no control over the fire truck; he had no authority over the driver of the truck and had nothing to say as to where it should go or how it should be driven or operated. The element of joint control was wholly lacking. The driver of the fire truck was selected by and was under the control of the captain of the fire company, who rode with the driver in the seat at the front of the truck. Plaintiff was only a fireman being carried on the truck to a fire. He went upon the truck, not in pursuance of any enterprise or undertaking of his own, but pursuant to orders and regulations of the fire department and of his superiors.

Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct nor participated therein nor had the right or power to control it. And there is no joint enterprise unless two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, expressed or implied, to act for all in respect to the conduct or the means or agencies employed to execute such common purpose. 4 Dunnell, Minn. Dig. (2 ed.) pp. 1114, 1115; Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763; Koplitz v. City of St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L. R. A. 74.

4. The court charged:

"The law, however, gives precedence to fire apparatus. And in connection with fire apparatus going to a fire, it is the duty of every one who sees it or is in a position to see it, or can see it, or who under the circumstances should see it, to yield the right of way to that fire apparatus."

The fire department of a city is a governmental agency employed by the city in performing one of its public duties, to protect the lives and property of its citizens. It is the established rule in this state and in general that ordinary speed regulations and other regulations as to the use of public streets do not apply to fire apparatus responding to a fire alarm and hastening to reach a fire. Such a situation presents an emergency, which should not be held to come within a road regulation or ordinance unless expressly so provided, or unless it clearly appears that such was the intention. As stated in Hubert v. Granzow, 131 Minn. 361, 155 N. W. 204, Ann Cas. 1917D, 563:

"It is the general and perhaps universal rule that regulations governing the rate of speed upon public streets and highways do not apply to fire apparatus on the way to a fire."

See also State v. Sheppard, 64 Minn. 287, 67 N. W. 62, 36 L. R. A. 305; Warren v. Mendenhall, 77 Minn. 145, 79 N. W. 661. Ordinances regulating speed of vehicles and use of streets have, as shown by these cases, been held unreasonable and invalid if applied to fire apparatus going to a fire. The statutory right of way rule is no different in that respect than a speed regulation.

The statute relied upon by defendant as applicable to the fire truck, as well as the street car, is L. 1925, p. 666, c. 416, § 23, and the fact that § 26 of the same act does not except fire apparatus. Section 23 provides that the driver of any vehicle, *including a street car,* approaching or crossing a street or highway intersection, shall give the right of way, etc. The question at once suggests itself, why specifically include a street car and not include fire apparatus, if the intention was to include fire apparatus. The meaning is cleared

up by referring back to § 1 of the act, which in defining motor vehicles excepts "fire apparatus, police patrol vehicles, ambulances, and such vehicles as run only upon rails or tracks," this last class of vehicles clearly including street cars. · It is quite apparent that the legislature in passing § 23 assumed and intended that the word "vehicle" as used in that section should not include the vehicles excepted from the definition in § 1, and that therefore, in order to bring street cars within § 23, it was necessary to expressly so state. Had it been intended to include in § 23 the vehicles excepted from the definition of motor vehicles in § 1, then there was no reason or necessity for expressly naming street cars therein. The situation was fully cleared up by L. 1927, p. 563, c. 412, § 8.

The part of the charge complained of was too broad in charging, without qualification, that it is the duty of everyone who sees a fire truck or is in a position to see it, or can see it, or who under the circumstances should see it, to yield the right of way to that fire truck. Other facts and circumstances might well come into consideration. The court might well have charged that the statutory right of way rule did not apply to a fire truck on its way to a fire, and that the law gives precedence to such a vehicle.

5. Defendant complains of the action of the court in granting a new trial of the single issue of damages. As the errors in the charge, herein pointed out, will entitle defendant to a new trial, that complaint need not now be considered.

The order appealed from is reversed and a new trial granted of all the issues.