Argued September 5; affirmed October 1, 1935

# JOHNSON *v.* ROBERTS BROTHERS

(49 P. (2d) 455)

*Clarence E. Yeager*, of Portland (John W. Hough, of Portland, on the brief), for appellant.

*F. S. Senn*, of Portland (Senn & Recken, of Portland, on the brief), for respondent.

BEAN, J. The trial court allowed exceptions to the refusal of the court to give instructions requested and not given, and to the modification of such instructions made by the court. No other exception to the charge of the court was reserved by plaintiff.

■ The trouble with plaintiff's case is that the jury did not find in accordance with plaintiff's testimony. The testimony in the case was conflicting, and it is not the province of the court to weigh the evidence and decide upon the conflict. There was testimony on the part of defendant tending to show that the defendant was not negligent and that the lavatory was not maintained in a bad condition, as asserted by plaintiff. Both the matron, who attended the lavatory, as soon as plaintiff's hurt was reported, and an old employee of defendant, who investigated the condition of the premises, testified that they found no indication of the bad condition of the lavatory, as claimed by plaintiff. Defendant's testimony indicated that plaintiff was not injured in the manner claimed by her or by the negligence of defendant.

Plaintiff complains of the instructions of the court. The cause was submitted to the jury on proper and plain instructions, without any intimation to the jury on the part of the court as to what conclusion they should reach as to the facts. We have carefully examined the lengthy instruction requested by plaintiff and the charge to the jury given by the learned trial judge. All of the requested instructions, in so far as proper, were included in the charge to the jury, not always in the same language as requested but in plain and appro-

priate diction, without any hint of bias or prejudice. The cause was fairly tried. The general complaint of plaintiff in regard to the charge of the court is not well-founded: *Reimers v. Pierson*, 58 Or. 86 (113 P. 436); *Wells v. Clark & Wilson Lbr. Co.*, 114 Or. 297 (235 P. 283).

■ The plaintiff requested the court to charge the jury in part as follows: "that it was the duty of defendant to exercise reasonable and ordinary care to maintain the floor in a condition reasonably safe for the use of the public * * *". The court instructed the jury, on this point, that both parties were required to exercise ordinary care. This rule is approved under the facts in this case. The court informed the jury that if the plaintiff established, by a preponderance of the evidence, any one of the alleged grievances set forth in her complaint that such negligence was the proximate cause of the injury, and that the plaintiff was not at fault herself in any of the matters set forth in the answer, then she could recover. We think the instructions were eminently fair to the plaintiff.

■ Plaintiff assigns error in regard to the following instruction:

"In order that the plaintiff may prevail here, as I stated to you, she must show that the defendant Roberts Brothers was negligent and careless with respect to this lavatory in that it was out of condition, and in order for them to be responsible for such a condition, if you do find that it was in such a condition, you must go further and you must find that Roberts Brothers knew of such condition or that it was in such condition such a length of time that they ought to have known it and had the opportunity of a reasonable time to repair the same (or to have placed a warning for the benefit of the public) before they would be called negligent and careless in that particular."

The former attorney for plaintiff called the attention of the court to this instruction and the court corrected it in accordance with plaintiff's counsel's request by adding that part which is enclosed in parentheses, and no further exception was reserved. There was no error in giving the instruction. If the court's instructions are substantially the same as requested, although not in the same form, no error can be predicated on the refusal of the court to give certain requested instructions: *Lott v. De Luxe Cab Co.*, 136 Or. 349 (299 P. 303); *Gordon v. Curtis Bros.*, 119 Or. 55, 67 (248 P. 158); *Astoria So. Ry. Co. v. Pacific Surety Co.*, 68 Or. 569, 588 (137 P. 857).

■ Plaintiff requested the court to instruct the jury as follows:

"I instruct you that if said injuries were aggravated by reason of her fall in the instant case and her said fall was caused by the negligent and careless acts set forth in her complaint, and she herself was not negligent, then I instruct you that she would be entitled to recover against the defendant to the extent of the aggravation of said former injuries."

Plaintiff assigns error in the refusal of the court to give the same. It will be noticed that this instruction leaves out of the case notice of any defect. It might be said it is partially correct and partially wrong. The court instructed the jury as follows:

"It is alleged that she had suffered injuries heretofore and that certain portions of her former injury were aggravated and rehurt. It is for you to determine the truth of these statements. As I stated to you, the extent of the injury and the character of the injury is a fact necessary to be established as any other fact in the case, and it is dependent upon the evidence that has been submitted to you."

The instruction, as given by the court, covered the main part of the requested instruction. There was no error in this respect.

Plaintiff submitted a motion for a new trial in the words of the statute. No facts were set forth on which error can be predicated. It is not indicated in what respect the court was in error, except as to the refusal to instruct the jury as requested: §§ 2-802, 2-805, Oregon Code 1930. On account of the absence of Judge Tucker, who tried the case, the motion was called to the attention of Judge Stapleton: Rule 12, Circuit Court of Multnomah County, Fourth Judicial District; *Easton v. Quackenbush,* 86 Or. 374, 378 (168 P. 631); *Fassett v. Boswell,* 59 Or. 288 (117 P. 302). Section 2-805, Oregon Code 1930, provides as follows:

"In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and no cause of new trial not so stated, shall be considered or regarded by the court. When the motion is made for a cause mentioned in subdivisions 1, 2, 3, or 4 of section 2-802, it shall be upon affidavit, setting forth the facts upon which such motion is based."

From a careful consideration of all of the facts in the case, irrespective of any irregularity on the part of plaintiff, we do not think that the plaintiff was entitled to a new trial.

Finding no error in the record, the judgment of the circuit court is affirmed.

ROSSMAN, J., not sitting.