VOGLER et al. v. JONES.

No. 32583.   Sept. 23, 1947.

*186 P. 2d 315.*

Duke Duvall and Dudley, Duvall & Dudley, all of Oklahoma City, for plaintiffs in error.

Howard K. Berry, of Oklahoma City (Alma Bell Williams, of Oklahoma City, and William A. Wilson, of Muskogee, of counsel), for defendant in error.

BAYLESS, J.   This action is the result of a collision on June 1, 1944, between a civilian truck and an Oklahoma City Fire Department truck. Casey Jones, a lieutenant of the Fire Department who was injured in the accident, recovered a judgment for $4,000 against Pat Vogler, an individual doing business as Vogler Pipe Line Service Company, and Leslie O. Winslow. Vogler was the owner of the civilian truck and Winslow was driving it at the time of the accident. Parties will be referred to as plaintiff and defendants as they appeared in the trial court.

On the afternoon of the above date, a fire alarm was received at the station where plaintiff was employed. He was in charge of the fire truck which answered the alarm. Two other members of the Fire Department were on the vehicle—the driver, Alvin Burns, beside whom Jones was riding in the front seat, and another man who was riding on the rear platform of the truck. The truck proceeded north on McKinley street to the intersection with North 23rd street which is a heavily traveled thoroughfare. The intersection was a blind one to the west, from which defendant's vehicle was approaching. It appears that the fire truck entered the intersection first. The defendants' truck smashed into the rear left side of the fire truck, causing it to overturn and injuring the plaintiff. The defendants in their answer pleaded contributory negligence on the part of the plaintiff and his driver, Burns, and that the negligence of Burns was imputed to the plaintiff. Plaintiff in his brief admits there was some evidence of negligence on his part introduced at the trial so that the question of contributory negligence was properly submitted to the jury. Plaintiff and defendants both agree there is only one issue to be decided by this appeal. The court instructed the jury in substance that the negligence, if any, of the driver of the fire truck should not be imputed to the plaintiff. The court refused to give the following instruction submitted by defendants:

"You are instructed that if you should find that Alvin Burns, the driver of the fire truck, was guilty of negligence in the operation of such fire truck, such negligence would be imputable and chargeable to the plaintiff, Casey Jones, to the same extent as if Casey Jones had been operating such fire truck himself at the time of the accident."

The court gave the following instruction covering plaintiff's duty and responsibility as lieutenant in charge of the fire truck:

"It was the duty of the plaintiff to keep a reasonable lookout for approaching cars and warn the driver of the fire truck of reasonably foreseeable dangers. The plaintiff, by reason of his official position, had the authority to direct the manner of the operation of said truck and it was his duty to do so if the facts and circumstances reasonably demanded or required such exercise of authority. A violation of any of the foregoing duties constitutes negligence ,and if you find the plaintiff was negligent and his negligence contributed directly or proximately to the occurrence of the collision and the resulting injuries, the plaintiff cannot recover."

Plaintiff testified that he was in control of the fire truck and the driver of the truck was subject to his control and direction. He testified in substance that the driver of the truck would stop the truck or would turn it around and go back to the fire station if he gave the order. The only question raised is, was the negligence, if any, of the driver of the fire truck under the existing facts and circumstances imputable to the plaintiff? Both sides rely on the case of Oklahoma Railway Co. v. Thomas, 63 Okla. 219, 164 P. 120. In that case the fire department officer in charge of the truck was driving at the time of the accident. Plaintiff, a fireman, was riding on the rear platform. The court held that the driver's negligence was not imputable to the plaintiff. Defendants in the case at bar contend that the right to control and direct is the sole test in determining whether or not

negligence will be imputed to the officer in charge. The law applicable to the instant case is clearly stated by Justice Cardozo in the case of Dowler v. Johnson (N.Y.) 121 N.E. 487. The facts in that case are: The defendant, the city fire commissioner, was riding in one of the department's automobiles on a routine inspection of the city fire houses when a collision occurred between the fire department car and a car in which plaintiff was riding. The car was driven by a fireman assigned to that duty by the commissioner. The complaint charged that at the time of the collision the automobile which carried defendant was driven under his orders, and that it was driven negligently and at excessive speed. Plaintiff's counsel, in opening the case, stated that defendant's car was going 50 miles per hour just before the collision. He was about to offer evidence of the negligence charged when he was checked by a ruling of the court that, no matter what the negligence of the chauffeur might be, the defendant was not liable.

The court said in the body of the opinion, at pp. 487-488:

". . . Public officers are not liable for the negligence of their subordinates unless they co-operate in the act complained of, or direct or encourage it. (Citing authorities.)

"But here the very question is whether the defendant did direct or encourage the negligent act or personally co-operate in it. Undoubtedly he is not liable for the negligence of the driver in the theory of respondeat superior. The relation between them was not that of master and servant. If he had been out of the car at the time of the accident, no one would suggest that he must answer for the driver's wrong. Even his presence in the car would be insufficient of itself and in all circumstances to charge him with liability. There must have been command or co-operation. (Citing authorities.) The charge is that this car was going at the rate of 50 miles an hour. The charge is that it was going under the defendant's orders. If the defendant permitted such

a speed to be maintained, and this after reasonable opportunity for protest, a jury might find his silence the equivalent of approval. Many circumstances would have to be weighed. Chief among them, perhaps, would be the duration of the offense and the opportunity to restrain it. There was the right to restrain here, for the driver was subject to the defendant's orders (Charter N.Y. City §728); but the right is of no importance, unless the omission to exercise it was unreasonable. We cannot say whether the inference of such an omission is legitimate till the whole story has been told. We must see the whole picture. For the purpose of this appeal, it is enough that the defendant is not exonerated as of course because the man at the helm was not his servant. One cannot let oneself be driven at breakneck speed through city streets, and charge the whole guilt upon the driver who has done one's tacit bidding."

Power to control by itself is not sufficient to justify application of this doctrine. In Handley v. Lombardi (Cal.) 9 P. 2d 867, the court said in the opinion, at page 869:

"In the case of actionable negligence, the rule is well settled both in this state and elsewhere that the negligence of a subordinate employee or subagent is not to be imputed to a superior employee or agent, but only to the master or principal. Hilton v. Oliver, 204 Cal. 535, 269 P. 425, 61 A.L.R. 297; Guild v. Brown (Cal. App.) 1 P. 2d 528; Ellis v. Southern Ry. Co., 72 S.C. 465, 52 S.E. 228, 2 L.R.A. (N.S.) 378; Thurman v. Pittsburg & M. Copper Co., 41 Mont. 141, 108 P. 588; 2 Cor. Jur., p. 829 . . .

"The driver of the truck was not plaintiff's employee but Kruse's; he was not engaged in plaintiff's business but Kruse's; he was only subject to plaintiff's direction and control because plaintiff was there acting for and in the place of Kruse, and certainly while the driver was acting in the scope of his employment as Kruse's employee, in no true sense can it be said that he was acting in the scope of his employment by plaintiff, since he was not in any proper sense employed by plaintiff."

In 39 C.J. 1269, §1454, the following rule is stated:

"To constitute the relation of master and servant for the purpose of fixing liability on the former for acts of the latter under the doctrine of respondeat superior, it is indispensable that the right to select the person claimed to be a servant should exist . . ."

In Cooley on Torts (4th Ed.) 385, the author states:

"Another test applied by the courts in determining whether the relation (of master and servant) exists is whether there is the power of discharge . . ."

The plaintiff did not hire Alvin Burns; he did not pay his salary; could not promote or demote him; neither could he fire him. There was no personal relationship between the two. Both were servants and employees of the city. At the time of the accident Burns was not on a mission that would benefit the plaintiff, but rather he was in the performance of his official duties as an employee of the city. These are important distinguishing facts which do not exist in the principal and agent or master and servant cases cited by defendants. Likewise, they do not exist in the numerous cases cited by defendants where the owner of a vehicle procures another person to drive for him but retains the right to direct and control the driver.

We decline to follow the rule urged by defendants in so far as it would impute negligence of a driver to a public employee who has charge of the vehicle and the right to control the driver.

Whether plaintiff was negligent in not exercising his authority to control and direct the driver or whether he exercised this power in a negligent manner, was the question to be decided by the jury in determining plaintiff's responsibility for the accident. This question was fairly submitted to the jury under the instructions given.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH and CORN, JJ., concur. GIBSON, J., dissents.