Argued January 26, affirmed March 21, 1950

# BARTHOLOMEW *v.* THE OREGONIAN PUBLISHING COMPANY ET AL.

216 P. (2d) 257

*H. H. Phillips,* of Portland, argued the cause for appellants. With him on the brief were Griffith, Peck, Phillips & Coughlin and Norman L. Easley, of Portland.

*Barnett H. Goldstein,* of Portland, argued the cause and filed a brief for respondent.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN and HAY, Justices.

**HAY, J.**

This action was for damages for personal injuries resulting from a collision between two automobiles at a street intersection in the city of Portland. The complaint alleges as follows: Defendant Glenn R. Reymers, Jr., was employed by defendant Oregonian Publishing Company, as its district manager. On August 27, 1947, within the scope of his employment, he was driving an automobile easterly upon S. E. Clinton Street toward its intersection with S. E. 20th Avenue. At the same time, plaintiff, a city police officer, was riding in a police car driven by Floyd O. Hutchins, another city police officer, which car was being driven southerly on S. E. 20th Avenue toward the same intersection. The Reymers car, solely through his negligence (as detailed), collided with the car in which plaintiff was riding. Plaintiff suffered serious injuries as the result of the collision. He demanded $25,000 in general damages and $4,802.67 special damages.

The answer was a general denial, with affirmative pleas as follows: sole negligence of the driver of the police car; joint enterprise between plaintiff and such driver, whereby the driver's negligence was sought to be imputed to plaintiff; and contributory negligence of plaintiff.

Trial by jury resulted in verdict and judgment for defendants. On motion of plaintiff, the court set aside the judgment and granted him a new trial, upon the ground that it had misdirected the jury upon the question of joint enterprise. The defendants appeal.

The evidence showed that the collision occurred at about five o'clock in the afternoon on a clear summer day. As the car in which the police officers were riding was entering the intersection of S. E. 20th Avenue and S. E. Clinton Street, both officers observed the Reymers car on S. E. Clinton Street, approaching such intersection from their right, and distant 100 feet or more from the intersection. The view through the northwest corner of the intersection of the two streets was obstructed by trees and shrubbery. The police car entered the intersection at a speed of between 16 and 19 miles per hour. Both officers testified that the Reymers car approached at a speed of between 35 and 40 miles an hour, and continued forward in an undeviating course, without slowing down, until it collided with the police car. The point of impact was conceded to be 14 feet east of an extension of the west curb of S. E. 20th Avenue and 11 feet north of an extension of the south curb of S. E. Clinton Street. Each of the streets involved is 36 feet wide from curb to curb. When the collision appeared to be imminent, plaintiff said to the driver of his car: "He is going to get us" or "He is going to hit us". Hutchins, the driver, accelerated in an endeavor to get out of the path of the Reymers car. Defendant Reymers stated orally to a traffic officer, who came upon the scene shortly after the accident, that he was driving at from 30 to 32 miles an hour, and that he did not see the police car until he was "right on top of it". He gave a written statement

to the traffic officer, in which he admitted he was driving at approximately 30 miles an hour. Thereafter, in municipal court, he pleaded guilty to a charge of violating a city ordinance by driving an automobile on a city street at a speed of 30 miles per hour, the designated speed on said street being 25 miles per hour. He explained in his testimony herein that he pleaded guilty to such charge, because, having signed a statement saying that he had been driving at 30 miles per hour, he thought that "there was no chance of pleading not guilty". After the accident, officer Hutchins stated to the traffic officer in Reymers' presence that he, Hutchins, had been driving at about 15 miles an hour, and Reymers did not contradict such statement. Notwithstanding Reymers' statement to the traffic officer that he did not see the police car until he was "right on top of it", he testified on the trial that he actually observed it at the time it entered the intersection.

■ As this court has said frequently, a trial court, in the interests of justice, is given wide latitude in granting new trials, and its actions in that regard will be upheld on appeal if supported by any tenable ground appearing in the record. *Zeek v. Bicknell,* 159 Or. 167, 169, 78 P. 2d 620; *Lyons v. Browning,* 170 Or. 350, 354, 133 P. 2d 599; *Parmentier v. Ransom,* 179 Or. 17, 23, 169 P. 2d 883.

■■ The trial court submitted to the jury the question of whether or not plaintiff and Hutchins, the driver of the police car, were engaged in a joint enterprise, and instructed them that, if they found that plaintiff and Hutchins were so engaged, then the negligence of Hutchins, if any, would be imputable to plaintiff. The

motion for a new trial was based, in this connection, upon the ground that the evidence of joint enterprise was insufficient to make a jury question.

> "If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect of the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to the others. Accordingly, if an occupant of an automobile is engaged in a joint enterprise with the driver and is injured by reason of the concurrent negligence of the driver and a third person, the driver's contributory negligence will be imputed to such occupant and will bar a recovery by him against the third person."
> 5 Am. Jur., Automobiles, section 500.

██ The foregoing represents the weight of authority upon the question. Negligence is imputed in such cases upon the theory that the participants are partners in the enterprise, or occupy a relationship akin to partnership. *Kokesh v. Price,* 136 Minn. 304, 161 N.W. 715, 23 A. L. R. 643. There must be not only a community of interest in the objects and purposes of the undertaking, but also a right in each party to govern and control the movements and conduct of the others in respect thereto. *Schwartz v. Johnson,* 152 Tenn. 586, 280 S.W. 32, 47 A. L. R. 323; 45 C. J., Negligence, section 574; 38 Am. Jur., Negligence, section 237. In order to impute the negligence, if any, of the driver Hutchins to the plaintiff, the defendants were required to prove (a) that plaintiff had complete or partial authority to control the operation of the automobile, or (b) that the driver was plaintiff's servant or agent, or (c) that the driver and plaintiff were engaged in a joint enterprise in which the operation of the automobile was a factor.

*Robison v. Oregon-Washington R. & N. Co.,* 90 Or. 490, 507, 512, 176 P. 594.

■ It was suggested in argument that co-employment of the driver and the passenger—that is to say, employment of both by the same employer—was a factor tending to establish the right in the passenger to joint control of the car. There are indeed a few cases so holding. See *Lacey v. Heisey,* 53 Ohio App. 451, 5 N.E. 2d 699; *Collins v. Graves,* 17 Cal. App. 2d 288, 61 P. 2d 1198; *Petersen v. Ingersoll-Rand Co.,* 194 Wash. 584, 78 P. 2d 1083; *Donnelly v. Brooklyn City R. Co.,* 109 N.Y. 16, 15 N.E. 733; *Alabama Great Southern R. Co. v. Hanbury,* 161 Ala. 358, 49 So. 467. It would seem, however, that mere co-employment is an insufficient base upon which to rest the doctrine of imputation of the driver's negligence to the passenger.

> "d. Fellow servants in vehicle. The fact that the plaintiff and the driver are fellow-servants of a common master and are both acting in the course of their master's employment and in furtherance of his business does not make them participants in a joint enterprise, and this is true irrespective of whether the vehicle is owned by the master, the fellow-servant driver or by the plaintiff himself."
> Restatement, Torts, section 491, Comment d.

■ Of course, if the driver is recklessly or carelessly driving into danger, and the passenger has an opportunity to protest or to take other measures for his own safety, and fails to do so, then such failure may be contributory negligence on the part of the passenger, but it is not imputed negligence. This appears to have been the situation in *Martin v. Puget Sound Electric Ry.,* 136 Wash. 663, 241 P. 360, and *Kirkland v. Atchison, T. & S. F. Ry. Co.,* 104 Kan. 388, 179 P. 362, cited by defendants to the co-employment point.

Commenting, inter alia, upon *Donnelly v. Brooklyn City R. Co.,* supra (109 N. Y. 16, 15 N.E. 733) and *Alabama Great Southern R. Co. v. Hanbury,* supra (161 Ala. 358, 49 So. 467), this court said:

"In all these cases, however, there runs a vein of common financial interest, indicating a *quasi* partnership entailing the usual joint control. This would seem to furnish the ultimate distinguishing characteristic of joint venture in such cases, which is none other than the right, either express or implied, to direct the movement of the vehicle employed in the transportation connected with the venture. This must be so, because fault in the operation of the vehicle is charged as negligence. In order, therefore, for the negligence in that respect which was actually that of Weygandt [the driver] to be imputed to Robison [the passenger], it being culpable operation of the automobile, the latter must have had some authority to direct the movement of the machine.

"For the sake of brevity in terminology we may call the supposed joint scheme a partnership. If then it shall appear either by direct testimony or by circumstantial evidence that the terms of this so-called partnership provide that each party to it may control the vehicle or direct its movements either constantly or alternately, the negligence of the one will be imputable to the other so far as it grows out of faulty management or operation of the machine of transportation. But if such control is outside the scope of the partnership or is vested exclusively in one of the members, imputed negligence in operation will not arise. The dilemma presents a mixed question of law and fact which must be left to the jury under proper directions in all cases where there is a dispute in the testimony or where reasonable men would fairly draw a different conclusion from the same evidence. Imputed negligence must be attributed to some fault in carrying out the provisions of the partnership." *Robison v.*

*Oregon-Washington R. & N. Co.,* supra (90 Or. 490, 509, 176 P. 594).

In the case at bar, there was a total lack of evidence, direct or circumstantial, of the existence of any common enterprise between plaintiff and the driver of the police car, of such sort that each had the right to direct or control the movement of the car. There was no joint venture or quasi-partnership relationship.

> "The doctrine of imputed negligence, when asserted in cases involving a joint enterprise, rests upon the maxim 'Qui facit per alium, facit per se.' In such cases, in order to impute the negligence of the driver to another person riding in the car, the parties must stand in such relation to each other that the maxim just quoted directly applies to their case. Bryant v. Pacific Electric R. Co., 174 Cal. 737, 164 P. 385; Louisville, N. A. & C. Ry. Co. v. Creek, 130 Ind. 139, 29 N. E. 481, 14 L. R. A. 733; 45 C. J. 1019. That maxim can apply only in cases where the relationship of the parties is in effect that of partnership, principal and agent, or master and servant, or when the circumstances are such that the vehicle, though manually operated by one person, is in the actual control of another." Potter v. Florida Motor Lines, (D. C.) 57 F. (2d) 313, 315.

■ The trial judge, in his instructions to the jury, defined joint enterprise exactly as it is defined in 5 Am. Jur., Automobiles, section 500, quoted supra. He charged that, if the jury found that plaintiff and the driver of the police car exercised joint control over the car, then any negligence of the driver would be imputed to plaintiff. The difficulty is, as we have stated, that there was no evidence that plaintiff had, or exercised, or attempted to exercise, any right of control or authority over the driver or over the operation of the police car. It is held that the negligence of the driver

of a fire truck will not be imputed to a fireman riding upon the truck, who has no control over the actions of the driver. *McBride v. Des Moines City Ry. Co.*, 134 Iowa 398, 109 N. W. 618. The reason for the rule is stated thus:

> " * * * the general rule [is] that, where several persons are engaged in a common enterprise in the carrying on of which each is participating, the negligence of one of them may be imputed to the others. * * * We are satisfied, however, that the facts do not afford the slightest occasion for applying or even discussing the common enterprise rule. The deceased was not riding on the hose wagon in the prosecution of any common enterprise in which he and the other members of the fire department had voluntarily engaged, but in the pursuance of his individual duty as a member of the fire department and in that capacity a servant of the city. He had nothing to do with the selection of the driver, and he had no control over his acts. * * *"

*McBride v. Des Moines City Ry. Co.*, supra (p. 622).

See *Vogler v. Jones,* 199 Okla. 156, 186 P. 2d 315, 316; *Ring v. Minneapolis Street Ry. Co.,* 173 Minn. 265, 217 N.W. 130, 131; *Clough v. Schwartz,* 94 N.H. 138, 48 A. 2d 921; *Ottmann v. Incorporated Village of Rockville Centre,* 275 N.Y. 270, 9 N.E. 2d 862, 864; *Geary v. Metropolitan Street Ry. Co.,* 84 App. Div. 514, 82 N.Y.S. 1016, 1017, aff. without opinion, 177 N.Y. 535, 69 N.E. 1123; Anno., 19 L.R.A. (N.S.) 629; 38 Am. Jur., Negligence, section 252; Blashfield, Cyclopedia of Automobile Law, section 2493.

The same rule, in principle, is applicable to police officers, and the cases so hold. *Denver Tramway Co. v. Orbach,* 64 Colo. 511, 172 P. 1063; *Hogan v. Fleming,*

218 Mo. App. 172, 265 S.W. 875; *Bailey v. Jourdan,* 18 App. Div. 387, 46 N.Y.S. 399.

"Here there was no such community of interest as to make any member of the party the agent of another, nor did the policeman have any control over the chauffeur. They were acting in the line of their official duty, and the enterprise was one in which the whole public was interested as much as they were. They had no voice in the selection of the chauffeur, but were obliged to go with him when so directed by their superior officer. * * *

"Clearly, the policeman were not riding in the automobile in the prosecution of a common enterprise, in the sense in which that term is used in the decisions on which counsel rely."

*Denver Tramway Co. v. Orbach,* supra (p. 1064.)

■ ■ In the motion for new trial herein, plaintiff assigned 14 specifications of alleged error. The onerous burden was thereby imposed upon counsel for defendants of showing, upon this appeal, that no error was committed by the trial court in respect of any of such specifications. *Zeek v. Bicknell,* supra (159 Or. 167, 169, 78 P. 2d 620). Four of the specifications were mere abstract statements, comprising no facts upon which error could have been predicated, and these, therefore, could not have been considered by the court. Section 5-804, O. C. L. A.; *Johnson v. Roberts Bros.,* 151 Or. 311, 317, 49 P. 2d 455. As for the remainder, save for the specification respecting joint enterprise, counsel for defendants have satisfied us that none of them involved prejudicial error.

We are of the opinion that submission of the case to the jury upon the theory of joint enterprise was prejudicial error. The court was right in granting a new trial. The order appealed from is affirmed.