Argued October 27, affirmed November 12, 1959

# WALKER, Trustee *v.* GRIFFIN

346 P. 2d 110

*Robert W. Collins* argued the cause for appellant. On the briefs were Fabre, Collins & Kottkamp, Pendleton.

*Edward Joel Clark* argued the cause for respondent and cross-appellant. On the brief were Peterson, Clark, Clark & Peterson, Pendleton.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, REDDING and KING, Justices.

KING, J. (Pro Tempore)

This is an action for breach of contract, which was heard by a jury and its verdict returned in the amount of $16,617.22, the exact amount prayed for in the complaint.

This verdict was returned on June 3, 1958, and judgment on the verdict was entered on June 9, 1958. On June 13, 1958, defendant filed a motion for new trial. The court, on July 18, 1958, filed its memorandum opinion and thereafter, on July 23, 1958, entered an order setting aside the verdict and judgment and granting a new trial. From this order the plaintiff brings this appeal.

The question at issue here is: Was the new trial properly granted?

For some time prior to June 16, 1957, the plaintiff, Loren E. Garrett, had been operating a sand and gravel business in Pendleton, Oregon. Willard F. Stratton was the principal contractor to furnish the United States Ordnance Depot at Ordnance, Oregon, certain crushed rock as specified in his contract.

After the appeal was filed, the plaintiff, Loren E.

Garrett, was adjudged a bankrupt, and John E. Walker, trustee in bankruptcy, was substituted as plaintiff.

The defendant, Troy Griffin, was a subcontractor under Willard F. Stratton, and the plaintiff contracted with Troy Griffin to quarry and crush the rock for Griffin at the quarry site at Arlington, Oregon.

The plaintiff submitted a bid of $1 per yard for crushing the first 20,000 yards of the rock and 75¢ per yard for additional yardage above that amount. The plaintiff claims he contracted to produce 55,800 yards of crushed rock. Defendant claims that the agreement was for an indefinite amount as needed by the Ordnance Depot. The contract between the plaintiff and the defendant was not in writing, except as to the bid itself.

After the production of some 10,000 or 11,000 yards, the operation was stopped. The plaintiff claims the closure was the fault of the defendant, and the defendant claims it was closed by the plaintiff voluntarily and on account of plaintiff's financial difficulties. At a later date the Willard F. Stratton contract with United States Ordnance Depot was cancelled by the latter party.

As mentioned before, the jury returned a verdict for the plaintiff, and this verdict was set aside and a new trial granted by the court; this appeal is from that order granting new trial.

The one and only assignment of error by the plaintiff is as follows:

"The Court erred in sustaining the Motion for new trial, which said Motion for new trial is set forth verbatim in the abstract herewith filed."

The first claim in the motion for a new trial is as follows:

"1. Irregularity in the proceedings of the jury and misconduct of one of the jury, Robert S. Foreman, as more particularly set forth in the Affidavits of Chauncey Hacker, marked 'Exhibit A' and Troy Griffin, marked 'Exhibit B', attached hereto and made a part hereof as fully as though set forth at length herein."

Exhibit "A" reads:

## "AFFIDAVIT

"STATE OF OREGON ) SS
    County of Umatilla )

"I, CHAUNCEY HACKER, being first duly sworn, do depose and say:

"1.    That I am the Post Engineer in charge of Plans and Projects Section of the Depot Facilities Division of Umatilla Ordnance Depot.

"2.    That Robert S. Foreman, who is that same person as Robert S. Foreman, juror in the trial of Loren E. Garrett v. Troy Griffin in the Circuit Court of the State of Oregon for Umatilla County, tried June 2 and 3, 1958, is an employee under my supervision and charge.

"3.    That Mr. Foreman, as a member of the Plans and Projects Section had a personal and intimate knowledge of, and aided in the preparation of, the plans, specifications and other matters in relation to UOD Purchase Order on Contract No. DA 35-11-ORD 117, which purchase order and contract is that same contract as was awarded to Willard F. Stratton on or about June 28, 1957, and for which the Plaintiff, Mr. Garrett, was crushing gravel as a subcontractor under Mr. Griffin.

"4.    That Mr. Foreman prepared and maintained progress reports and other material in

relation to the operation and termination of this job.

"5. That he had personal knowledge that the contract had been terminated.

"6. That as a member of the Post Engineer's Staff, he has been exposed to numerous false and scurrilous rumors, relating directly to this said contract, some of which rumors are as follows:

"a. That Col. Guthrie, the contracting officer at the time of said contract, Mr. Stratton and Mr. Griffin were partners in the operation of this contract.

"b. That Col. Guthrie was an owner of the mineral deposit from which the subject matter of the contract was processed.

"c. That Willard F. Stratton, the prime contractor, was using government equipment in the development of this mineral deposit.

"d. That there were numerous other false tales and rumors in the area and about the Post Engineer's staff.

"7. That the Post Engineer's Staff and various other departments of the Umatilla Ordnance Depot were subject to an extensive FBI investigation, involving at least five agents and covering a considerable period of time, and thereafter these same departments were subjected to an Inspector General's investigation all in relation to this contract and various other matters. That this investigation grew out of the false rumors above stated.

"8. That the initials 'R.S.F.' on the plans in detail on Sheet No. 1 of 1 MUO-3-1/23, which are hereto attached and marked 'Exhibit 1' are the initials of Robert S. Foreman. That these plans

are related to the aforesaid UOD contract between the Depot and Willard F. Stratton.

[Sgd.]   Chauncey R. Hacker

Affiant

"SUBSCRIBED AND SWORN to before me this 5 day of June, 1958.

[Sgd.]   Edward Joel Clark

Notary Public for Oregon

My Commission Expires: 11/23/58"

Exhibit "B" reads:

## "AFFIDAVIT

"STATE OF OREGON )
County of Umatilla    )  ss.

"I, TROY GRIFFIN, being first duly sworn, do depose and say:

"1.   That I am the Defendant in the within entitled action. That I was present at the voire dire examination of Robert S. Foreman, juror No. 12 in the trial of the case, Loren E. Garrett v. Troy Griffin, in the Circuit Court of the State of Oregon for Umatilla County, tried June 2 and 3, 1958. That upon said examination Mr. Foreman stated that he had no information or knowledge in relation to the subject matter of this action, which would tend to influence him one way or the other; that he could approach this case with an open and free mind, and that he knew nothing of either of the parties involved here.

"2.   That at the time of said examination and during the trial of this cause, I did not know that Mr. Foreman had any part in the preparation of any of the plans or specifications in relation to the Ordnance Contract on which Mr. Garrett was a subcontractor under me.

"3.   That after the trial and verdict, I was in-

formed by Mr. Chauncey Hacker, that he had heard of the verdict from Mr. Foreman upon his return to work after the trial on June 3, 1958; that Mr. Foreman was employed in that office and intimately connected with this contract.

"4. Mr. Foreman was chosen to replace the subject of my third and last preemptory challenge and from his answers on voire dire examination, there appeared no basis on which to challenge him for cause.

[Sgd.] Troy Griffin

"SUBSCRIBED AND SWORN to before me this 5 day of June, 1958.

[Sgd.] Edward Joel Clark
Notary Public for Oregon
My Commission Expires: 11/23/58."

The motion for new trial then set forth a number of other grounds, which we will not set forth at length.

In answer to the two affidavits set forth by the defendant, the plaintiff filed an affidavit by the juror, Robert S. Foreman, as follows:

"AFFIDAVIT

"STATE OF OREGON ) ss
County of Umatilla )

"I, Robert S. Foreman, being first duly sworn on oath depose and say:

"That I was a member of the jury in the case of Loren E. Garrett, dba Garrett sand and gravel, plaintiff, vs. Troy Griffin, defendant, in the Circuit Court of Umatilla County, Oregon, wherein a verdict was rendered and returned June 3, 1958, in favor of the Plaintiff and against the Defendant.

"That prior to the trial of the above cause, I was not acquainted with either the Plaintiff or the Defendant and knew nothing of the contract

between Plaintiff and Defendant. I had not at such time heard of the dispute between the Plaintiff and Defendant.

"That at the voire dire examination of myself prior to the trial of the above case I stated that I was employed by the United States Government at Ordnance, Oregon. At such time I also stated the nature of my employment and that I had no knowledge of the matters involved in said case. That said statements were true to the best of my knowledge and belief at said time.

"That I now know that I did assist in preparation of the plans for the use of the material producted by Garrett Sand and Gravel. I did not recognize or connect the contract between the Plaintiff and Defendant at the time of the voire dire examination and the plans which I had prepared as an employee of the United States Government.

"That at the time of said examination prior to the trial of said case, I did not connect or associate any of the parties to said case with any rumors I had heard in regard to Col. Guthrie, the contracting officer formerly stationed at Ordnance, Oregon. That any rumors I had heard in regard to Col. Guthrie did not influence me in my deliberations as a juror in said case.

"That none of the knowledge I possessed as the result of my work influenced me in my deliberations as a juror in this case.

"That I answered all questions asked me prior to the trial of this case truthfully and to the best of my knowledge and belief.

[Sgd.] Robert S. Foreman

Robert S. Foreman

"Subscribed and sworn to before me this 23rd day of June, 1958.

[Sgd.] Robert W. Collins
Notary Public for Oregon
My Commission Expires 12/3/59."

The memorandum opinion filed by the circuit court upheld the motion for new trial on the basis of "* * * Irregularity in the proceedings of the jury and misconduct of one of the jury, Robert S. Foreman, as set forth in defendant's first claim in his motion for a new trial * * *." The order granting the new trial indicated that it might have been granted, partially, at least, on other grounds.

There was no transcript of the voir dire examination of the jurors, as that examination was not reported. The lower court necessarily had to rely on its memory, on the affidavits filed, and the arguments of counsel. All seem agreed that defendant's challenges were exhausted before the juror Robert S. Foreman was called, and they had only the challenge for cause left. The parties differ on the extent of the examination of the juror and the nature and import of his answers on that examination.

■ The function, duty and reliance to be placed upon the trial court's determination of the juror's qualifications to sit on the jury is well set out in *State v. Lauth*, 46 Or 342, 80 P 660, as follows:

"* * * As the trior of a juror's qualifications after verdict, when attacked for bias or prejudice rendering him unfit to sit in the cause, the function of the court is much the same as when it is sitting to make the inquiry before trial. It is held to the exercise of a sound legal discretion, and is amenable to revision only when it has abused that discretion. The reason commonly assigned for the rule is that the trial court has the opportunity of seeing the juror, of hearing him give his testimony, and of noting his manner and demeanor while under examination; thus affording it advantages superior for determining the matters of inquiry to those accorded the appellate tribunal, which is furnished only with the dry facts upon

paper. The rule is otherwise stated as requiring clear and palpable proofs to warrant a reversal of the trial court's determination."

citing *State v. Saunders,* 14 Or 300, 12 P 441; *State v. Armstrong,* 43 Or 207, 73 P 1022.

*Jones v. Imperial Garages,* 174 Or 49, 57, 145 P2d 469, holds in effect that a false representation by a juror of his interest, status or situation in a case, or if he conceals a material fact relative to the controversy, is "misconduct" on his part. See, also, 29 Am Jur, New Trials 65, § 45.

■ In the present case, the juror Robert S. Foreman, according to his own affidavit, referring to his voir dire examination, stated: "at such time I also stated the nature of my employment and that I had no knowledge of the matters involved in this case. That said statements were true to the best of my knowledge and belief at said time." He then states and explains that he actually assisted in the preparation of the plans and specifications on which the very issue for trial was based. In fact, the plans and specifications as shown in the record bear his initials, R.S.F., as drawer. He also stated in his affidavit that he had heard rumors in regard to Colonel Guthrie, the former contracting officer at Ordnance, Oregon, but did not connect or associate any of the parties with those rumors at the time of his examination as a juror. He states that none of this knowledge, which was not disclosed at the time of his examination nor at any time until after motion for new trial was filed, influenced his deliberations as a juror in the case.

The defendant, Troy Griffin, in his affidavit, states in effect that he did not know at the time of

the jury examination that Mr. Foreman had any part in the preparation of the plans or specifications.

The affidavit of Chauncey Hacker, Post Engineer at Ordnance, and under whom Mr. Foreman worked, sets forth in considerable detail Mr. Foreman's connection with and knowledge of the job and plans with which the alleged contract in dispute was connected. Without repeating it, suffice it to say he also goes into considerable detail regarding what he calls "the false and scurrilous rumors" relating directly to this contract, to which Mr. Foreman was exposed, and to which Mr. Foreman had knowledge, according to his own affidavit.

We find that the record shows that the circuit court had ample grounds to grant a new trial in this case. It seems rather incredible that the juror would have forgotten such important matters in the few months' time between their happening and the day the jury was selected. Certainly, he must have recalled some of them as the evidence unfolded during the trial, and, if he did, he should have so informed the court. Even if the above-mentioned answers were according to the juror's recollection and belief at the time they were made, the juror later knew they were improper, and they could have the same effect as if they were actually falsely made in the first instance.

The defendant, having already exercised his three allowable preemptory challenges, was, of necessity, rather limited in his questioning of the juror. He had to accept him unless he could be disqualified and excused by the court for cause. And after the juror satisfactorily answered his general questions on knowledge of the parties and facts, he could hardly chance offending the juror by challenging his answers, even if he had knowledge they were wrong; which knowl-

edge his affidavit says he did not possess. Likewise, questions about the alleged rumors would have been indiscreet if not entirely improper.

■ As the circuit court pointed out, the very contract in question was a part of the knowledge which the juror possessed. We agree that the right to trial by fair and impartial jurors is a matter which is, and should be, jealously guarded by the courts, and that juries should consist of impartial men.

The remaining portions of the motion for new trial, and the cross appeal, are not necessary to the determination of this case, and their discussion would add nothing but length to this decision. They can be determined on the evidence introduced at a new trial. Likewise, whether or not other matters were mentioned in the order is not material.

In the recent case of *Hays v. Herman,* 213 Or 140, 144, 322 P2d 119, this court, by Justice KESTER, said:

"It is, of course, well settled that the trial court has considerable latitude in granting a new trial, and all intendments are in favor of such orders. Cicrich v. S.I.A.C., 143 Or 627, 635, 23 P2d 534; Bartholomew v. Oregonian Pub. Co., 188 Or 407, 411, 216 P2d 257; Clark v. Fazio, 191 Or 522, 528, 230 P2d 553; Burrows v. Nash, 199 Or 114, 121, 259 P2d 107."

The same case also says:

"* * * If the order was justified on any ground set forth in either the motion or the order, it must be affirmed."

In *Hillman v. North Wasco Co. PUD,* 213 Or 264, 274, 323 P2d 664, Justice MCALLISTER says:

"It is settled law in this state that an order for a new trial made on motion of the party ag-

grieved need not state the ground or reason on which the order is based. The order granting a new trial will not be reversed if it should be sustained on any ground assigned in the motion whether referred to in the order or not. The burden is on the party seeking to reverse an order granting a new trial to show that none of the grounds specified in the motion is well taken. Correia v. Bennett and Johnson et ux, 199 Or 374, 384, 261 P2d 851; Bartholomew v. Oregonian Pub. Co., 188 Or 407, 411, 216 P2d 257; Smith v. Pacific Truck Express, 164 Or 318, 323, 100 P2d 474; Zeek v. Bicknell, 159 Or 167, 169, 78 P2d 620; Arthur v. Parish, 150 Or 582, 586, 47 P2d 682; Cicrich v. State Ind. Acc. Comm., 143 Or 627, 635, 23 P2d 534."

The order of the circuit court granting a new trial is affirmed.