489 F.2d 877
 Douglas DEWELL, Plaintiff-Appellant,
v.
Wayne LAWSON, Individually, and in his capacity as Chief of
Police of the City of Oklahoma City, Oklahoma, and
the City of Oklahoma City, a municipal
corporation, Defendants-Appellees.
 No. 73-1157.
 United States Court of Appeals, Tenth Circuit.
 Argued and Submitted Sept. 12, 1973.
Decided Jan. 7, 1974.
 
 Jim Merz, Oklahoma City, Okl., for plaintiff-appellant.
 Robert S. Baker, Oklahoma City, Okl. (Pierce, Couch, Hendrickson, Gust & Short, Oklahoma City, Okl., of counsel, on the brief), for defendant-appellee, Wayne Lawson.
 Jerry R. Fent, Oklahoma City, Okl. (Roy H. Semtner, Oklahoma City, Okl., on the brief), for defendant-appellee, City of Oklahoma City.
 Before PICKETT, HOLLOWAY and BARRETT, Circuit Judges.[1]
 BARRETT, Circuit Judge.
 
 
 1
 Douglas Dewell brought this suit against the City of Oklahoma City and Wayne Lawson, its Chief of Police, for alleged violation of his civil rights under 42 U.S.C. 1983 and 1988, in that he was deprived of rights guaranteed him by the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution. The trial court sustained the appellees' Motions to Dismiss without out any memorandum of its reasons.
 
 
 2
 In testing the validity of the trial court's order of dismissal, we must assume that the facts alleged in appellant Dewell's Amended Complaint are true. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Franklin v. Meredith, 386 F.2d 958 (10th Cir. 1967). Rule 8(a), Fed.R.Civ.P. provides that pleadings are to be construed liberally. The purpose of the rule is to eliminate prolixity in pleading and to achieve brevity, simplicity and clarity. Knox v. First Security Bank of Utah, 196 F.2d 112 (10th Cir. 1952). However, where a right or immunity created by the Constitution or laws of the United States is an essential element of the cause of action, it is incumbent upon the plaintiff to adequately and properly allege jurisdictional facts according to the nature of the case. Pan American Petroleum Corp. v. Superior Court of Delaware For New Castle County, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); Bowman v. White, 388 F.2d 756 (4th Cir. 1968), cert. denied, 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968); Ivey v. Frost, 346 F.2d 115 (8th Cir. 1965).
 
 
 3
 Appellees have, in their respective briefs on appeal, referred this court to three Oklahoma City ordinances, alleged to have been adopted by the City Council. They were in force and effect at all pertinent times relevant to this case. The ordinances refer to the Chief of Police as the chief administrative officer of the Police Department who is not the official directly charged with police training and who, in any event, has been granted broad discretion relative to recommending Police Department rules and regulations. These ordinances were not referred to in the respective Motions to Dismiss or other supporting pleadings and there is nothing in the record on appeal which in anywise indicates that the trial court considered them in relation to granting the respective Motions to Dismiss.
 
 
 4
 Municipal ordinances may not be judicially noticed by courts of general jurisdiction, but must be pleaded and proven as any other fact except where a statute specifically provides otherwise. The rationale is that such ordinances stand upon the same footing as private laws, the laws of other states and of foreign countries which must be averred and proven like other facts. Tipp v. District of Columbia, 69 App.D.C. 400, 102 F.2d 264 (1939); Roloff v. Perdue, 31 F.Supp. 739 (N.D.Iowa 1939); Drake v. Tims, 287 P.2d 215 (Okl.1955). And it has been held that, lacking statutory authorization, the court cannot take judicial notice of copies of ordinances offered which lack official certification. Broughton v. Brewer, 298 F.Supp. 260 (N.D.Ala. 1969).
 
 
 5
 Thus, we may look only to the facts alleged in Dewell's Amended Complaint to determine whether a civil rights cause of action against the appellees has been stated. Those facts are: Douglas Dewell, plaintiff-appellant, is a diabetic. On November 25, 1970, he suffered a diabetic reaction, became incoherent and disappeared from his home in Oklahoma City. His wife reported his acute medical condition and need for immediate treatment to the Oklahoma City Police Department (hereafter referred to as Department) that same date. The Department issued an all points bulletin relating these facts on the morning of November 26th, specifically describing Dewell, his diabetic condition and his need for immediate medical attention. During the night of November 26th Dewell was arrested by an unnamed member of the Department on the charge of public drunkenness and thereafter incarcerated in the Oklahoma City Jail. Dewell carried personal and diabetic identification on his person. Following Dewell's arrest his wife made repeated calls to the Department. She was advised that Dewell's whereabouts was unknown. Dewell was jailed without medical treatment until found in his cell on November 30th in a diabetic coma. He was then transferred to Baptist Memorial Hospital. As a result of his diabetic condition and the complications resulting from lack of insulin during his incarceration, Dewell suffered a stroke and brain damage. Consequently, he has suffered mental and physical pain, and his nervous system has been permanently impaired. He alleged that he has sustained loss of earnings, medical expenses and other damages in excess of one million dollars.
 
 
 6
 Dewell alleged that at all times the defendant-appellee, Wayne Lawson, was Chief of Police of the Department and that in said capacity he and the Department (thus, the City) are responsible for the acts complained of. Dewell alleged in his complaint that:
 
 
 7
 . . . the defendants, and each of them, failed to establish procedures within the Oklahoma City Police Department whereby jail personnel of the said Department were advised of missing persons listed in all points bulletins with the . . . (Department) . . . to detect persons suffering from a diabetic condition. Finally, the defendants . . . failed to provide medical personnel to examine persons suffering from a diabetic condition and who were confined . . .
 
 
 8
 Dewell contends that: (1) the City of Oklahoma City is a 'person' within the provisions of 42 U.S.C.A. 1983 and therefore subject to suit for damages; and (2) Lawson as Chief of Police is subject to suit under 42 U.S.C.A. 1983 for breach of duty which caused Dewell to be denied his constitutional rights.
 
 
 9
 This court may only examine the complaint to determine whether there are factual allegations sufficient to withstand the Motions to Dismiss. The allegations necessary to state a claim will not be insufficient unless it appears beyond question that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). Where there is no issue of fact the question of whether a complaint states a cause of action is one of law for the court. Schmidt v. United States, 179 F.2d 724 (10th Cir. 1950).
 
 I.
 
 10
 Dewell contends that the City of Oklahoma City is a 'person' within42 U.S.C.A. 1983 and therefore subject to suit for damages. It is well established that a municipality is not a 'person' within the meaning of 42 U.S.C.A. 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961). 11 Okl.St. Ann. (1973 p.p.) 1755 constitutes a waiver of liability applicable to any city or town to the extent of a claim not in excess of $2,000 arising out of the performance of a governmental function. There is an exemption, however, where the claim is based upon the performance of, or the failure to perform, a discretionary function or duty, whether or not the discretion is abused. 11 Okl.St.Ann. (1973 p.p.) 1754. A federal court will take judicial notice of the public laws of the states. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 (1939); Pure Oil Company v. State of Minnesota, 248 U.S. 158, 39 S.Ct. 35, 63 L.Ed. 180 (1918). In Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), the Supreme Court held that all municipalities are excluded from liability under the Civil Rights Act regardless of whether their immunity has been lifted by state law. Therefore, regardless of 11 Okl.Stat.Ann. 1755, Oklahoma City cannot be liable under the Civil Rights Act. The trial court did not err in granting Oklahoma City's Motion to Dismiss.
 
 II.
 
 11
 We hold that the Court erred in granting Police Chief Lawson's Motion to Dismiss. On the face of the Amended Complaint, Dewell has alleged that Lawson, as Chief of Police, failed to perform a duty imposed upon him which resulted in the deprivation of Dewell's civil rights, i.e., lack of proper identification and medical care constituting cruel and unusual punishment in light of Dewell's diabetic condition and subsequent brain damage and physical impairment by reason of non-treatment or care during his confinement. On the record before us we cannot hold, as a matter of law, that the Amended Complaint does not state a cause of action under 42 U.S.C.A. 1983. We are not informed of the reasons why the trial court granted the respective Motions to Dismiss. None were set forth in the Order and no memorandum opinion was filed.
 
 
 12
 Lacking any guidance from the trial court for its justification in law for granting the motions, we deem it helpful to succinctly refer to the reasons advanced by the appellees in their respective briefs in support of the court's Order dismissing the Amended Complaint in favor of Chief Lawson, as follows: (1) Dewell does not plead negligence or intentional tort and fails to plead a deprivation of civil rights under the color of law; (2) certain alleged ordinances of the City of Oklahoma City (which were not pleaded and therefore not a part of this record on appeal cognizable by this court) purport to declare Chief Lawson an administrative officer with wide discertion relative to adoption of rules and regulations for the Department effective only when approved by the council and in the specific area of police training any duty relative thereto is that of a qualified officer of the Department appointed by the Chief; and (3) under the doctrine of respondeat superior adopted by the Oklahoma Supreme Court, (Vogler v. Jones, 199 Okl. 156, 186 P.2d 315 (1947); Berg v. Willibey, 138 Okl. 110, 280 P. 456 (1929)), officers of a municipal corporation are not individually liable for their errors or mistakes of judgment relative to their discretionary acts absent malice or corruption, and in the case at bar the Complaint does not allege error, malice or corruption.
 
 
 13
 Appellant Dewell concedes that to be actionable under 1983, the acts of Chief Lawson complained of must have been done: (a) under color of state or local law; and (b) amount to a deprivation of a federal constitutionally protected right which, in this case, is freedom from the infliction of cruel and unusual punishment. Dewell argues that Chief Lawson's failure to establish procedures and to train personnel to protect against the damage which resulted to Dewell's person following his arrest and incarceration by reason of his diabetic condition is actionable as Lawson was negligent in not supervising his subordinates, citing to Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), rev'd on other grounds, 409 U.S. 418, 92 S.Ct. 683, 30 L.Ed.2d 661 (1973). While recognizing that cruel and unusual punishment, as a constitutional concept, is a principle which has not traditionally lent itself to precise definition, Dewell argues that conduct may be actionable as a deprivation of constitutional rights where no force or violence has been utilized and where the conduct constitutes an act of omission. Howell v. Cataldi, 464 F.2d 272 (3rd Cir. 1972); Roberts v. Williams, 456 F.2d 819 (5th Cir. 1971), cert. denied, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971). The standard of liability in a case alleging cruel and unusual punishment relating to a claimed omission of medical care is whether the plaintiff proves exceptional circumstances and conduct so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to basic fairness. Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir. 1970); Bishop v. Cox, 320 F.Supp. 1031 (W.D.Va.1970). Failure to procure urgently needed medical attention may amount to cruel and unusual punishment. Coleman v. Johnston, 247 F.2d 273 (7th Cir. 1957); Owens v. Alldridge,311 F.Supp. 667 (W.D.Okla.
 
 Smith v. Losee, 485 F.2d 334 (10th
 
 14
 Smith v. Losee, 485 F.2d 334 t10th Cir. 1973), involved a civil rights suit for damages brought by a teacher against the members of the Utah State Board of Education, and the president and three administrators of Dixie College, individually, wherein the teacher, Smith, alleged that he had been denied tenure and contract renewal for exercising his protected First Amendment speech rights. We there held that the defense of official immunity or privilege which government officials may rely upon in federal civil rights actions is a federal one which cannot be restricted by state laws or rules relating to sovereign immunity or to official privilege. We further held that public officials are entitled to a privilege defense which is to be found somewhere in the area between that of legislators (absolute for acts committed within the legislative role, as announced in Tenny v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)) and that of police officers (good faith and probable cause relating to arrests and imprisonments which must be read in the background of tort liability, and which does not require proof of a specific intent to deprive a person of a federal right as announced in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) and Monroe v. Pape, supra), taking into consideration all of the factors including the broadness of the duties imposed and the extent of the powers granted to the particular public officials in the exercise of those duties. Smith v. Losee rejected the contention that the doctrine of official immunity-- privilege should be confined to an all-inclusive niche. In effect, that decision requires that each case must be judged on an accountability basis separate and apart from any other, based upon all of the facts, circumstances and factors.
 
 
 15
 The common-law defense under state law would not be available to a state officer charged in a federal Civil Rights cause of action. Thus the doctrine of respondeat superior cognizable under Oklahoma law is not a defense available to Chief Lawson in this federal cause of action. Our holding in this respect rejected the opposite holdings of Nesmith v. Alford, 318 F.2d 110 (5th Cir. 1963), cert. denied, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964); Salazar v. Dowd, 256 F.Supp. 220 (D.Colo.1966) and other like decisions.
 
 
 16
 The standard announced in Smith v. Losee must be applied on a case-to-case basis. It is elusive. In that context and on the record before us here, we cannot hold that the Amended Complaint fails to allege facts sufficient to state a federal civil rights cause of action against Chief Lawson. For the guidance of counsel and the trial court on remand we observe that the ordinances of the City of Oklahoma City cited by appellees in their respective briefs previously referred to may be significant against the background of the cruel and unusual allegations made by Dewell if the ordinances impose duties and obligations which are discretionary only. This court has recognized that acts which are discretionary in nature when performed by a public official do clothe him with a governmental immunity of a limited nature. Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968); Franklin v. Meredith, supra.
 
 
 17
 In a negligence suit, this court held that a federal standard of immunity relieves federal officials from personal liability for alleged torts which result from acts done within the framework of their duties involving the exercise of discretion 'which public policy requires be made without fear of personal liability.' Garner v. Rathburn, 346 F.2d 55, 56 (10th Cir. 1965). We further observe that Chief Lawson may present justifiable grounds for his personal exemption from liability on the facts at trial constituting a qualified privilege. The broadness of and the nature of the functions or duties with which a public official is charged must be considered in determining whether an official privilege from liability applies. Furthermore, consideration must be given to the proof, if the cause is tried, supporting the defense of official privilege, i.e., lack of malice, intent, wilfullness, or bad faith, or conversely, a showing of good and proper cause for the act complained of.
 
 
 18
 We affirm the trial court's Order granting the Appellee, City of Oklahoma City's Motion to Dismiss. We reverse the trial court's Order granting the appellee Police Chief Wayne Lawson's Motion to Dismiss and remand for further proceedings consistent herewith.
 
 
 19
 Affirmed in part, reversed in part and remanded.
 
 
 20
 PICKETT, Circuit Judge (dissenting in part).
 
 
 21
 I concur in the affirmance of the dismissal of the action against the City of Oklahoma City, Oklahoma. I respectfully dissent from the determination that the Complaint states a civil rights cause of action (42 U.S.C. 1983) as to appellant Lawson as Chief of Police of Oklahoma City. It is my opinion that the acts and omissions alleged in the Complaint state only an action for negligence and do not constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution.
 
 
 22
 The essence of this complaint is that Dewell was arrested by members of the Oklahoma City Police Department on November 25, 1970 for public drunkenness and that at the time of his arrest and incarceration in the city jail he was suffering from diabetic shock. Thereafter his wife reported to the police that Dewell was missing and would be in need of medical treatment. An allpoints alert was circulated by the police department, which continued to advise his wife that his whereabouts were unknown, notwithstanding his confinement in the jail. Dewell remained in the jail without medical treatment until November 30, when he lapsed into a diabetic coma and was taken to a hospital for treatment. Permanent injuries are alleged to have resulted from the lack of medical treatment. It is not alleged that he was held in the city jail without a lawful commitment.[1] The allegations that the chief of police had by his negligence deprived Dewell of federal constitutional rights were that he 'failed to establish procedures within the Oklahoma City Police Department whereby jail personnel of the said Department were advised of missing persons listed in all-points bulletins with the Oklahoma City Police Department.'; further, that the chief of police 'failed to train personnel of the Oklahoma City Police Department to detect persons suffering from a diabetic condition' and also that he 'failed to provide medical personnel to examine persons suffering from a diabetic condition' while confined in the city jail. Recent decisions have expanded the scope of rights under 42 U.S.C. 1983 and have construed that section liberally to afford a recovery. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Roberts v. Williams, 456 F.2d 819 (5th Cir. 1972); Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969). Although some cases appear to permit recovery by prisoners upon proof of negligence, no case has been cited, and my research has disclosed none, which holds that the failure to provide procedures and services alleged to have been denied Dewell following his arrest is a denial of a constitutional right. It seems to me that such a requirement places an intolerable burden upon those persons in charge of the operation of state institutions where individuals are committed or arrested persons are received. Usually the discovery of chronic latent ailments necessitates careful laboratory tests. I would affirm the dismissal as to all defendants.
 
 
 
 [1]
 Reassigned from Holloway, Circuit Judge, to Barrett, Circuit Judge, on November 23, 1973
 
 
 [1]
 The Answer filed to the Complaint discloses that Dewell appeared in municipal court on November 27, 1970 and voluntarily plead guilty to the offense of public drunkenness and was ordered to be held in custody until the court's sentence was fulfilled