**Jerry BROWN and Linda Brown, husband and wife, Plaintiffs,**

v.

**Richard CLEMENTS, Steve Simmons, Edwin B. Tillinger, and Michael Wildhack, Defendants.**

**No. CIV–77–0398–D.**

United States District Court, W. D. Oklahoma.

July 14, 1978.

---

Robert W. Amis, Oklahoma City, Okl., for plaintiffs.

Jack B. Fried, Midwest City, Okl., for defendant Clements.

Edward H. Ferrish, Midwest City, Okl., for defendant Simmons.

Elliott C. Fenton, Oklahoma City, Okl., for defendant Tillinger.

G. Rodney Palmer, Oklahoma City, Okl., for defendant Wildhack.

## ORDER

DAUGHERTY, Chief Judge.

This is a civil rights action in which Plaintiffs seek actual and punitive damages for Defendants' alleged conspiracy to violate 42 U.S.C. § 1983. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1343.

In their Third Amended Complaint, Plaintiffs allege that they began moving their household possessions on April 1, 1977, from their mobile home which was located on a fenced lot within a trailer park managed by Defendant Edwin B. Tillinger (Tillinger) in Midwest City, Oklahoma; that Plaintiffs left two white spitz dogs in the lot to guard Plaintiffs' possessions remaining in the trailer; that Defendant Richard Clements (Clements), who lived in a mobile home located on a lot adjoining Plaintiffs' lot, contacted the Midwest City Police Department and informed the police that Plaintiffs' dogs were not being cared for and had been abandoned; that on April 6, 1977, Defendant Steve Simmons (Simmons), who was the acting dog catcher in Midwest City, and Defendant Tillinger arrived at Plaintiffs' lot in response to Defendant Clement's telephone call and were joined by Defendant Clements; that Defendant Simmons, acting under the city ordinances of Midwest City and upon information furnished by Defendant Clements that the dogs had been abandoned and by Defendant Tillinger who stated that the lot was owned by the trailer park, captured Plaintiffs' dogs and removed them from the lot without any notice to Plaintiffs although said Defendants each knew Plaintiffs' whereabouts and telephone number or could have readily ascertained the same with reasonable diligence; that Plaintiff Jerry Brown discovered the loss of the dogs on the morning of April 8, 1977, and learned from Defendant Clements that the Midwest City Police had seized the dogs; that when Plaintiffs called the Midwest City Police Department and inquired as to where the dogs had been taken, the police dispatcher, acting under the authority of Richard Jurkowski (Jurkowski),[1] the Midwest City Police Chief, and pursuant to the rules and procedures established by Jurkowski, informed Plaintiffs that he had no idea where the dogs were and that Plaintiffs would have to discuss the matter with the dog catcher who was not available and would call Plaintiffs at a later time; that Plaintiffs called the animal shelter operated by Defendant Michael Wildhack (Wildhack) and were informed by the Clerk who answered the phone that she could not determine whether Plaintiffs' dogs were there; that after the dog catcher had not called Plaintiffs by April 9, 1977, Plaintiff Linda Brown went to the animal shelter and was informed by the personnel on duty that one of Plaintiffs' dogs had been killed five minutes prior to her arrival; and that to this date, neither the animal shelter nor Plaintiffs have been able to locate Plaintiffs' other dog despite the fact that the dog did arrive at the shelter.

---

1. Richard Jurkowski was dismissed as a defendant in this case by the Court in an Order filed on December 9, 1977.

**4**

Pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, Defendant Wildhack has filed herein a Motion to Dismiss Plaintiffs' Third Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Said Motion is supported by a Brief and Plaintiffs have filed a Brief in opposition thereto.

In support of his Motion to Dismiss, Defendant Wildhack contends that the Third Amended Complaint contains no allegation that he personally participated in conduct under color of state law which deprived Plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States as required in order to state a claim against him under 42 U.S.C. § 1983; that the Court lacks subject matter jurisdiction of this action as § 1983 applies only to personal liberties and not property rights; that the Third Amended Complaint fails to state grounds that would justify a claim for the relief sought; that the employees of the animal shelter acted in good faith and upon justifiable cause; that there are no allegations in the Third Amended Complaint implicating Defendant Wildhack; and that Plaintiffs' action is based solely upon a negligent failure to protect which is not covered by § 1983.

In their Brief in opposition to Defendant Wildhack's Motion, Plaintiffs contend that their Third Amended Complaint contains the allegations required by *Dewell v. Lawson*, 489 F.2d 877 (Tenth Cir. 1974), and therefore Defendant Wildhack's Motion to Dismiss should be overruled.

■ In considering Defendant Wildhack's Motion to Dismiss on the ground that Plaintiffs' Third Amended Complaint fails to state a claim against said Defendant upon which relief can be granted, the Court must take the allegations in the Third Amended Complaint as true. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Dewell v. Lawson, supra.* A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Cruz v. Beto, supra; Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *American Home Assurance Co. v. Cessna Aircraft Co.*, 551 F.2d 804 (Tenth Cir. 1977); *Hudson v. Harris*, 478 F.2d 244 (Tenth Cir. 1973).

■ Courts have consistently held that the doctrine of respondeat superior is inapplicable in actions brought under § 1983. *Hopkins v. Hall*, 372 F.Supp. 182 (E.D.Okl. 1974); *Barrows v. Faulkner*, 327 F.Supp. 1190 (N.D.Okl.1971); *see Draeger v. Grand Central, Inc.*, 504 F.2d 142 (Tenth Cir. 1974); *Jennings v. Davis*, 476 F.2d 1271 (Eighth Cir. 1973). Therefore, an official is not liable under § 1983 unless he directly and personally participated in conduct under color of state law which deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Harbert v. Rapp*, 415 F.Supp. 83 (W.D.Okl.1976); *McDonald v. McCracken*, 399 F.Supp. 869 (E.D.Okl.1974); *Phillips v. Anderson*, 386 F.Supp. 371 (E.D.Okl.1974); *Battle v. Lawson*, 352 F.Supp. 156 (W.D. Okl.1972).

■ In the instant case, Plaintiffs' Third Amended Complaint contains the following allegations against Defendant Wildhack:

"11. The conduct of the personnel of the animal shelter operated by Oklahoma County, Oklahoma, in failing to inform the plaintiff of the whereabouts of his animals constituted on the part of defendant Wildhack a lack of due care owed to these plaintiffs in the supervision, training and control of the activities and personnel of said animal shelter in failing to establish procedures in the operation of such shelter whereby persons such as the plaintiffs, whose ·animals have been seized without notice might be able to recover them within the limitations set forth in the ordinances."

*Dewell v. Lawson, supra*, held that a complaint which alleged that all of the defendants in the case, one of which was the Oklahoma City police chief: (a) failed to establish procedures to advise jail personnel of missing persons listed in all points bulle-

tins issued by the police department and to detect persons suffering from a diabetic condition; and (b) failed to provide medical care to the plaintiff while he was confined in the Oklahoma City jail stated a cause of action against the defendant police chief under § 1983. However, *Dewell* is distinguishable from the instant case in that the complaint in *Dewell* alleged a failure by the defendant police chief both to establish proper operating procedures for the jail *and* to provide the plaintiff with medical care. In the instant case, Plaintiffs have alleged in their Third Amended Complaint only that Defendant Wildhack failed to establish proper operating procedures for the animal shelter and there is no allegation that said Defendant directly and personally participated in the alleged deprivation of Plaintiffs' property without due process of law. Therefore, the Court finds and concludes in view of the foregoing authorities that Defendant Wildhack's Motion to Dismiss should be granted. Accordingly, Plaintiffs' Third Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted insofar as Plaintiffs are seeking recovery against Defendant Wildhack under 42 U.S.C. § 1983.