**James R. MAHER, Plaintiff,**

v.

**SUN PUBLICATIONS, INC., Meredith Video Productions–KCMO–TV5, Defendants.**

Civ. A. No. 78–2267.

United States District Court, D. Kansas.

Oct. 27, 1978.

Thomas Francis Sullivan, McDonald & Dykes, Overland Park, Kan., for plaintiff.

John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, Kansas City, Kan., William L. Turner, George P. Coughlin, Gage & Tucker, Kansas City, Mo., Larry Winn, III, Lytle, Wetzler, Winn & Martin, Prairie Village, Kan., for defendants.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This is an action by James R. Maher, Kansas Conservative Party Candidate for the United States Senate, to enjoin the televising of a political debate between the Republican and Democratic candidates for the same office. The defendants are Sun Publications, Inc. [Sun], the sponsor of the debate, and Meredith Video Productions [Meredith], owners and operators of KCMO T.V., which intends to televise the debate.

This matter is presently before the court on plaintiff's motion for a preliminary injunction, defendants' motions to dismiss for lack of jurisdiction, Rule 12(b)(1), Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, and defendant Meredith's alternative motion for summary judgment, Rule 56, Federal Rules of Civil Procedure. Plaintiff's motion for a preliminary injunction was heard by the court on October 26, 1978. Counsel for all parties appeared, and plaintiff presented evidence consisting of oral testimony of himself and representatives of the defendants.

There appears to be little dispute as to the facts. Following the August primary in Kansas, defendant Sun initiated a plan for a debate between the Republican and Democratic candidates for the United States Senate from Kansas. Plaintiff Maher was not at that time the Conservative Party candidate and was not so certified until on or about September 1, 1978. Sun contacted defendant Meredith shortly after the primary and asked whether Meredith would be interested in co-sponsoring the debate. Receiving a negative reply, Sun inquired whether Meredith would be interested in covering the debate. Meredith stated that it would like to do so, but the details of the coverage were not established at that time.

Sun is the sole sponsor of the debate and controls who will be invited, the format, the personnel, and what questions will be asked. The debate is scheduled to start at or about 9:00 o'clock Sunday evening, October 29, 1978, in a public theater (capacity approximately 300 persons) at the Johnson County Community Junior College. The debate is open to the public and to any media representatives who wish to attend. Meredith is planning to provide on-the-spot live television coverage of the entire debate as a news event.

Plaintiff Maher first learned of the debate in the latter part of September, 1978. Maher's attempted negotiations with the Sun to allow him to take part in the debate were unsuccessful. On October 23, 1978, Maher filed a complaint with the FCC asserting that his exclusion from the debate would violate the equal time provisions of 47 U.S.C. § 315. On October 24, 1978, the FCC contacted plaintiff's counsel by telephone and explained that the FCC would take no action prior to the debate. That same day, Maher filed this action for injunctive relief and damages.

Plaintiff argues that this court has general subject matter jurisdiction, 28 U.S.C. § 1331, in that the action arises under the Federal Communications Act, 47 U.S.C. § 151 et seq. Specifically, plaintiff is asking for injunctive relief and damages based upon an alleged potential violation of the equal time doctrine, 47 U.S.C. § 315(a). This statute reads:

"315. Facilities for candidates for public office.—

(a) If any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station: Provided, That such licensee shall have no power of censorship over the material broadcast under the provisions of this section. No obligation is imposed under this subsection upon any licensee to allow the use of its station by any such candidate. Appearance by a legally qualified candidate on any—

(1) bona fide newscast,

(2) bona fide news interview,

(3) bona fide news documentary (if the appearance of the candidate is incidental to the presentation of the subject or subjects covered by the news documentary), or

(4) on-the-spot coverage of bona fide news events (including but not limited to political conventions and activities incidental thereto),

shall not be deemed to be use of a broadcasting station within the meaning of this subsection. Nothing in the foregoing sentence shall be construed as relieving broadcasters, in connection with the presentation of newscasts, news interviews, news documentaries, and on-the-spot coverage of news events, from the obligation imposed upon them under this Act to operate in the public interest and to afford reasonable opportunity for the discussion of conflicting views on issues of public importance."

■ As to defendant Sun Publications, Inc., the court finds that plaintiff has stated no cause of action upon which relief can be granted. Sun is a private corporation engaged in the newspaper business. As such, Sun is neither licensed nor required to be licensed under the provisions of the Federal Communications Act, 47 U.S.C. § 151 et seq. Specifically, Sun Publications is not subject to the provisions of 47 U.S.C. § 315.

In considering Sun's motion to dismiss for failure to state a claim, the court has taken the factual allegations of the complaint as true, and all reasonable inferences have been resolved in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974). After so construing the pleadings, the court finds beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief as to defendant Sun Publications, Inc. *E. g., Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir. 1976); *Jorgensen v. Meade Johnson Laboratories, Inc.*, 483 F.2d 237 (10th Cir. 1973). Defendant Sun Publications' motion to dismiss for failure to state a claim upon which relief can be granted will be sustained. Other motions by Sun Publications need not be reached.

■ With respect to defendant Meredith's motion to dismiss for lack of jurisdiction (Rule 12(b)(1), Federal Rules of Civil Procedure), "[i]t is a principle of first importance that the federal courts are courts of limited jurisdiction . . . . They are empowered to hear only those cases that (1) are within the judicial power of the United

States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by the Congress." 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, § 3522. Plaintiff, of course, has the burden of establishing jurisdiction.

■ In seeking to invoke the jurisdiction of this court, plaintiff relies on the federal question statute, 28 U.S.C. § 1331. Specifically, he alleges a potential violation of the equal time doctrine, 47 U.S.C. § 315. Does this statute support a private cause of action such as is being asserted here? Plaintiff has not cited, nor has the court discovered any case holding that 47 U.S.C. § 315 implies a private cause of action. Rather, the Supreme Court has held generally that the Federal Communications Act of 1934 did not create new private rights. *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (1942). In considering Section 315, federal courts have rejected the idea that a private cause of action was intended. *Daly v. Columbia Broadcasting System*, 309 F.2d 83 (7th Cir. 1962); *Ackerman v. Columbia Broadcasting System, Inc.*, 301 F.Supp. 628 (S.D.N.Y.1969); *Gordon v. National Broadcasting Company*, 287 F.Supp. 452 (S.D.N.Y.1968). Thus, there seems no question that the primary and exclusive forum in which to institute and prosecute alleged violations of 47 U.S.C. § 315 by broadcast licensees is the Federal Communications Commission. *Ackerman, supra; Gordon, supra.*

■ Plaintiff alleges that he has made complaint to the FCC and that such complaint will not be accepted until the debate triggering the equal time doctrine has occurred. He may be correct in alleging that this administrative remedy would be too late inasmuch as the election will occur less than ten days after the debate. Congress granted the FCC general authority to issue regulations implementing the Federal Communications Act. 47 U.S.C. § 303(r). The FCC has arguably greater authority to issue regulations implementing Section 315 in that subsection (d) specifically grants such authority. *Flory v. FCC*, 528 F.2d 124 (7th

Cir. 1975); *Kay v. FCC*, 143 U.S.App.D.C. 223, 443 F.2d 638 (1970). In formulating its regulations and rendering its decisions regarding Section 315, the FCC is guided by the purpose of the Federal Communications Act, namely, to protect the public interest in communications. *Scripps-Howard, supra; Ackerman, supra.* The legislative thrust of Section 315 is this broad public interest in communications, rather than a candidate's private right of access to the airwaves. Although the administrative remedy may seem inadequate to plaintiff, it is well established that matters concerning the scope and application of Section 315 should be deferred to the administrative expertise of the FCC. *Columbia Broadcasting System, Inc. v. Democratic Nat. Com.*, 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1972); *Chisholm v. FCC*, 176 U.S.App.D.C. 1, 538 F.2d 349 (1976), *cert. denied* 429 U.S. 890, 97 S.Ct. 247, 50 L.Ed.2d 173 (1976).

■ The court finds plaintiff has failed to establish that this court has jurisdiction of his alleged cause of action. Defendant Meredith's motion to dismiss for lack of jurisdiction must be sustained. Consequently, the court need not reach defendant's motion to dismiss for failure to state a claim or in the alternative for summary judgment.

■ Going further, even if jurisdiction had been established, the court finds the undisputed facts surrounding the debate place it within the Section 315(a)(4) exemption for on-the-spot coverage of bona fide news events. Consequently, equal time for plaintiff would not be required by the statute.

In 1975, the FCC interpreted the Section 315(a)(4) exemption to include debates between qualified political candidates initiated by non-broadcast entities, provided that (1) they are covered live, (2) there is a good-faith determination by the licensee that the debate is a "bona fide news event" worthy of presentation, and (3) there is no evidence of favoritism. *Chisholm, supra.* This interpretation was upheld by the Court

of Appeals for the District of Columbia. *Chisholm, supra.* The on-the-spot news event exemption on debates has even been extended to permit delayed telecasts. *Office of Communication of the United Church of Christ v. FCC,* No. 76–1878, slip op. (D.C.Cir. September 19, 1978).

The evidence here discloses that Sun Publications, Inc., a non-broadcast entity mainly engaged in the newspaper business, initiated the debate. A planned debate format is contemplated with the questions being put to the Democratic and Republican candidates by a Sun representative. The debate will be covered live by a licensee (Meredith) who has made a good-faith determination that it is a "bona fide news event" worthy of presentation. No evidence of broadcaster favoritism has been shown.

These facts bring the event within the exemption of Section 315(a)(4), as interpreted by the FCC. Consequently, defendant Meredith would be under no obligation to provide equal time to plaintiff Maher under the equal time doctrine.

IT IS THEREFORE ORDERED that the motion of defendant Sun Publications, Inc. to dismiss for failure to state a claim upon which relief can be granted be and hereby is sustained; that the motion of defendant Meredith Video Productions to dismiss for lack of jurisdiction be and hereby is sustained. Counsel for defendants shall prepare, circulate, and forward for the court's approval and signature, a Journal Entry of Judgment reflecting the holding of the foregoing Memorandum and Order.