**Charles LAMB, Plaintiff,**

v.

**GRIFFIN TELEVISION, INC., a/k/a KWTV, Channel 9, Defendant.**

**No. CIV–92–1579–A.**

United States District Court,
W.D. Oklahoma.

Oct. 7, 1992.

Charles Lamb, pro se.

Marvin Rosenberg, Gregg R. Renegar, Kornfeld, Lester, Franklin, Renegar & Bryant, Oklahoma City, Okl., for defendant.

ORDER

ALLEY, District Judge.

Before the Court is defendant's Motion To Dismiss Complaint. Defendant seeks to dismiss this action for: (1) lack of subject matter jurisdiction, under Fed.R.Civ.P. 12(b)(1); (2) failure to state a claim upon which relief can be granted, under Fed. R.Civ.P. 12(b)(6); or (3) because the issues in the case are moot. Plaintiff has responded with objection. For the reasons that follow, defendant's Motion To Dismiss Complaint is GRANTED.

On August 14, 1992, defendant co-sponsored a political debate in conjunction with the Oklahoma League of Women Voters wherein Republican candidates for the United States House of Representatives, 5th Congressional District, Oklahoma, were given free access to the station's airwaves. Plaintiff, a Democratic candidate for the same office, contends that defendant refuses to grant Democratic candidates, including plaintiff, an equal opportunity to appear and debate and that this refusal constitutes a willful violation of the Communications Act of 1934, 47 U.S.C. § 315(a) (1988), which provides:

If any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportuni-

ties to all other such candidates for that office in the use of such broadcasting station. . . .

On August 17, 1992, plaintiff filed the instant case seeking a declaratory judgment. Specifically, plaintiff seeks to have this Court declare the rights and legal obligations of the parties under the equal opportunities provision of § 315(a).

The Court finds that defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), must be granted. It is well established that there is no private cause of action for alleged violations of the equal opportunities requirement of § 315(a), as primary and exclusive jurisdiction has been vested in the Federal Communications Commission ("FCC"). *See DeYoung v. Patten*, 898 F.2d 628, 634 (8th Cir.1990) ("Congress did not intend to create a private cause of action to enforce the equal time provision"); *Belluso v. Turner Communications Corp.*, 633 F.2d 393, 397 (5th Cir. 1980) ("Congress intended the administrative remedy to be exclusive"); *Daly v. Columbia Broadcasting Sys.*, 309 F.2d 83, 85 (7th Cir.1962) ("[n]o private right is created for a candidate for a public office. The basic purpose of the Act is regulation in the public interest and not the creation of private rights"); *Ackerman v. Columbia Broadcasting Sys.*, 301 F.Supp. 628, 631 (S.D.N.Y.1969) ("[n]either the Act in general nor section 315(a) in particular created new private rights or authorized suits to recover damages. . . . That plaintiffs also seek injunctive relief affords no basis for maintenance of this suit").

This issue was expressly examined in *Maher v. Sun Publications, Inc.*, 459 F.Supp. 353 (D.Kan.1978), a case factually similar to the case at bar. *Maher* was an action by a Kansas–Conservative Party candidate for the United States Senate, to enjoin the televising of a political debate between the Republican and Democratic candidates for the same office. The defendants were the sponsor of the debate ("Sun"), and the owners and operators of the television station which intended to televise the debate ("Meredith"). The plaintiff sought injunctive relief and dam-

ages based upon a potential violation of the equal time doctrine of § 315(a). The plaintiff argued that the court had general subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because the action arose under § 315(a). The defendants moved: (1) to dismiss the action for lack of jurisdiction, under Fed.R.Civ.P. 12(b)(1); (2) to dismiss the case for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6); or (3) for summary judgment, pursuant to Fed.R.Civ.P. 56.

The court granted defendant Sun's motion to dismiss for failure to state a claim upon which relief can be granted, under Fed.R.Civ.P. 12(b)(6), because defendant Sun was a private corporation engaged in the newspaper business, and thus, was not subject to the provisions of § 315(a). In addition, the court granted defendant Meredith's motion to dismiss for lack of jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), holding that plaintiff had failed to sustain his burden of establishing that the court had jurisdiction of his alleged cause of action. In so ruling, the court expressly examined the issue whether § 315(a) creates a private cause of action, stating:

> Does this statute support a private cause of action such as is being asserted here? Plaintiff has not cited, nor has the court discovered any case holding that 47 U.S.C. § 315 implies a private cause of action. Rather, the Supreme Court has held generally that the Federal Communications Act of 1934 did not create new private rights. *Scripps–Howard Radio, Inc. v. FCC*, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (1942). In considering Section 315, federal courts have rejected the idea that a private cause of action was intended.

*Maher*, 459 F.Supp. at 356. The court concluded that there seemed no question that the primary and exclusive forum in which to institute and prosecute alleged violations of § 315(a) by broadcast licensees is the FCC. *Id.* The court thus did not reach Meredith's motion to dismiss for failure to state a claim upon which relief can be granted or motion for summary judgment.

This Court adopts the holding of *Maher*. Although plaintiff contends that the Court has subject matter jurisdiction because federal courts have original jurisdiction over matters arising under federal law and this case involves a determination of rights under § 315(a), *Maher* makes it clear that there is no private cause of action in the instant case. Rather, plaintiff should pursue his administrative remedies at the FCC. As stated in *Maher*, "[a]lthough the administrative remedy may seem inadequate to plaintiff, it is well established that matters concerning the scope and application of Section 315 should be deferred to the administrative expertise of the FCC." *Id.*

As § 315(a) grants no private cause of action, and no other source of claim is identifiable, defendant's Motion To Dismiss Complaint is hereby GRANTED. Consequently, the Court need not reach defendant's remaining motions.

It is so ordered.